COMM'RS OF BROWN COUNTY V. WILLIAM B. BARNETT.

COUNTY COMMISSIONERS; *Power to Rent Buildings for County Purposes, and to Bind County.* The commissioners of a county are empowered, in case the county does not own buildings reasonably suited or adequate therefor, to rent any requisite number of rooms for county offices, and to bind the county by a contract therefor. And under all ordinary circumstances the judgment of the commissioners is conclusive as to the unfitness or insufficiency of the buildings owned by the county.

*Error from Brown District Court.*

ACTION by *Barnett* to recover $50 for rent of room for county treasurer's office. In December 1872 a written lease or contract was entered into by *Barnett* and the then *Board of County Commissioners,* whereby the county board rented from *Barnett* a room for one year to be used by the county treasurer. It was so used, and the rent paid up to December 31st 1873. The county board did not surrender possession, but permitted the treasurer to occupy said room for his office. April 1st 1874 *Barnett* presented his bill for the three months' rent due that day, and payment being refused by the commissioners then in office, this suit was brought. Trial in the district court, on appeal, at the October Term 1874. Verdict and judgment for plaintiff, and the *County Board* bring the case here on error.

*Nathan Price,* and *E. Bierer,* for plaintiffs in error.

*C. W. Johnson,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: As the record stands in this case there is scarcely any question which has not already been decided by this court. The action was on an account for rent, brought first before a justice of the peace, and taken on appeal to the district court. No question is made as to the sufficiency of the bill of particulars. There is nothing in the record to show that all the testimony has been preserved. Indeed, it

is evident from instructions asked that it has not been. Of course then, we must presume that it was sufficient to sustain the verdict. Some instructions were asked by defendant, plaintiff in error, which were refused, but the record fails to show that all the instructions which were given have been preserved, and as often said, the instructions refused may have been so refused because already once substantially given.

A single matter may however properly be noticed. The rent claimed was for rooms rented for county offices. It is admitted that there was at the time belonging to the county, a court-house, and such being the case it is contended that the commissioners had no power to rent other offices, or bind the county by a contract therefor. By the third clause of § 16 of the act concerning counties and county officers the commissioners are empowered, "to purchase sites for, and to build and keep in repair, county buildings, and cause the same to be insured in the name of the county treasurer for the benefit of the county; and in case there are no county buildings, to provide suitable rooms for county purposes." Now the contention of counsel is, upon the maxim, *expressio unius, exclusio alterius*, and upon the rule that the grant of a specific power upon certain conditions is by implication a denial of that power except upon those conditions, that as the power is in terms granted to provide rooms for offices in case there are no county buildings, it is not granted and does not exist in case there are such buildings. It does not appear what kind of a court-house the county had, whether adequate to the needs of the various county offices or not; and to sustain the claim of counsel would deny to the commissioners the power to provide rooms for county offices; and facilities for the transaction of county business, whenever the county chanced to possess a court-house, however unsuitable for occupation, or inadequate to the wants of the public. So strict a construction would simply illustrate the saying, that the letter killeth while the spirit maketh alive. We do not think the language quoted sustains the claim of counsel. It justifies,

and should receive, a more liberal construction. The commissioners are the general guardians and agents of the county, and have the general management of its affairs; and the quoted clause empowers them, if the county has no buildings reasonably suited or adequate therefor, to rent any requisite number of rooms for county offices. And under all ordinary circumstances, the judgment of the commissioners is conclusive as to the unfitness or insufficiency of the buildings owned by the county.

The judgment of the district court will be affirmed.

It is understood that the case of same plaintiff against Barnett, Morrill & Co., is similar to this, and must be decided in the same way.

All the Justices concurring.