No. 22,814.

WALKER D. HINES, Director General of Railroads, and the ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, *Appellants,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF BARTON, *Appellee.*

SYLLABUS BY THE COURT.

1. ROAD BENEFIT DISTRICT—*Petition Signed Conditionally—Road Can be Established Only by Giving Force and Effect to the Conditions.* In an action by a landowner to enjoin the establishment of a road benefit district and the construction of a highway upon a petition signed by the requisite number of landowners of the proposed district, but which contained a proviso that "no award for improvements herein prayed for shall be made upon any bid which will make the average cost of the same per mile more than thirty thousand dollars," it is

*held* that if the petition is received and acted upon by the board, the force and effect intended by the subscribers must be given to the condition; and that the petition conferred no authority upon the board to construct a road costing more than the amount stated in the limitation.

2. SAME—*Rights of Landowner to Enjoin Construction of Road.* In such a case a landowner of the proposed district who did not sign the petition is entitled to insist that the work shall not be undertaken if the cost thereof will exceed the amount stated in the limitation, notwithstanding none of the signers is complaining of the action of the board.

Appeal from Barton district court; DANIEL A. BANTA, judge. Opinion filed April 10, 1920. Reversed.

*William R. Smith, Owen J. Wood, Alfred A. Scott,* all of Topeka, and *William Osmond,* of Great Bend, for the appellants.

*Richard J. Hopkins,* attorney-general, *Clyde Allphin,* county attorney, and *S. N. Hawkes,* of Stockton, for the appellee.

The opinion of the court was delivered by

PORTER, J.: In a taxpayers' suit to enjoin proceedings for the establishment of a road benefit district and for the improvement of a road, the trial court sustained a demurrer to the petition, and the plaintiffs appeal.

The Atchison, Topeka & Santa Fe Railway runs from the east line of Barton county to the east line of the city of Great Bend through the entire length of the proposed benefit district and is the largest taxpayer in Barton county and in the townships through which it is proposed to construct the road. It is shown in the petition that on the first day of April, 1919, there was filed with the county clerk a petition for the proposed improvement and for the creation of the road benefit district. One the same day the board of county commissioners met and adopted an order and resolution allowing the petition and found that it was signed by the requisite number of resident landowners and that the improvements prayed for were of public utility. Proceedings were under way for the construction of the road at the time this action was commenced. The plaintiffs' petition set out a copy of the petition for the im-

provement, which stated that the improvements prayed for "shall consist of grading, draining and the surfacing of the said road for a width of sixteen to eighteen feet, as your honorable body may determine, with material to be selected by your honorable body . . . from any of the following, to wit: first, concrete; second, macadam; third, tarvia; fourth, monolithic brick pavement; or fifth, a brick pavement on concrete base; and also the building of all necessary bridges and culverts; all in accordance with plans, specifications and estimates to be approved by the state highway engineer, and by the United States Secretary of Agriculture, or such Federal official as may have jurisdiction where Federal aid is granted and accepted," (with this further limitation):

"and all on condition that no award for improvements herein prayed for shall be made upon any bid which will make the average cost of the same per mile more than Thirty Thousand Dollars and then only in case Federal aid is secured for at least fifty per cent of the cost thereof."

The principal question for determination is the effect of the condition providing that the improvements prayed for should not be made if the average cost of the same per mile should be more than $30,000. The plaintiffs' petition alleges that the proposed highway cannot be constructed for less than $40,000 per mile, and probably much more, and that this fact was well known to the board of commissioners; and it is suggested that the great advance in the cost of material of all kinds since the suit was commenced shows that the cost per mile would more likely approximate $60,000.

The defendant contends that the condition attempting to limit the cost of the improvement must be considered as mere surplusage. No authorities have been cited (and we have been unable to find any) which sustain the contention. There can be no doubt of the purpose and intent of the signers to the petition. They were willing to have the improvement made and the portion of the cost provided by the statute assessed against their lands upon condition that the cost of the improvement should not exceed a certain sum per mile. They were not willing to have the petition construed as authorizing the board to make the improvements if it were found that the cost per mile would exceed $30,000. It is true, there is no provision in the statute authorizing the landowners re-

siding in a proposed benefit district to limit or control the cost per mile of the improvement. But the landowners have a vital interest in the question of cost, and presumably the requisite number of signers could not have been secured unless the petition contained the limitation upon the cost of the improvement. It may be that the board could have refused to consider the petition on the ground that the statute contains no provision for conditional petitions for road improvements, and that mandamus would not lie to compel the board to act upon a conditional petition.

We shall briefly refer to the few authorities which the plaintiffs concede are all they have been able to find bearing upon the question. In the case of *Newton v. Emporium Boro.*, 225 Pa. St. 17, where the property owner wrote the word "conditionally" after his signature to a paving petition without specifying what the condition was, although the evidence showed that when he signed the petition he stated it was on condition that the sewers should first be improved, it was held that in order to confer jurisdiction on the council to pave a street, the petition must be signed unconditionally by the owners of the necessary two-thirds feet frontage thereon, "in order to fully and legally bind the petitioners," and that the addition of the word "conditionally" after a signature, and without specifying what the condition is renders the signature invalid, inasmuch as it puts the council upon notice that there is some condition attached to the signing, and any condition whatever will render the signature void. The supreme court in that case adopted the opinion of the presiding judge of the court of common pleas. In the opinion the case of *Von Steen v. City of Beatrice*, 36 Neb. 421, was cited, the condition there being that the grade should be satisfactory and that the trees should not be molested. The Pennsylvania court approved the following statement of the Nebraska court:

"We agree with the district court that the petition to confer upon the council jurisdiction must be unconditional, and that no argument is required to prove that the signatures . . . should have been rejected." (p. 429.)

It also cited *Batty v. City of Hastings*, 63 Neb. 26, in which the Nebraska court reëxamined the question and adhered to the decision in *Von Steen v. City of Beatrice*.

In *Norwood v. Mills Estate,* 8 Ohio Dec. S. & C. P. 669 (also cited in the Pennsylvania case) a landowner signed a petition for improvements conditioned on his tenant agreeing to pay the costs, and it was held that the consent of the owner of the fee was not such a one as to bind him for the assessment.

The only case cited where the condition related to the amount of the cost of the improvement is *Watkins v. Griffith,* 59 Ark. 344, and in that case the facts were not analogous to those in the case at bar. The majority of the property owners in the proposed district asked that the street to be improved should be "graded, rolled, shaped and graveled." It was held that the board was not authorized to substitute for the improvement asked an entirely different and more expensive one consisting of macadamizing the street and building stone curbs and gutters, and the collection of all assessments to pay for the latter improvements was enjoined.

From the few cases cited the weight of authority appears to uphold one of plaintiffs' contentions, which is, that a conditional signature is to be entirely disregarded in determining the number of valid signatures. However, the petition in this case is conditional as to all the signatures and it is only necessary to determine whether the board could accept it as a petition and ignore the condition. In our opinion, they could not act upon it as a petition without giving to the condition the force and effect intended by the signers, and the petition conferred no authority upon the board to construct a road the cost of which would exceed the amount stated in the petition.

We think it is quite clear that the signers of the petition intended by the condition that the improvement should not be made and their property taxed for the improvement if the average cost per mile was to be more than $30,000. There is, therefore, no force in defendant's contention that the petition fails to state a cause of action because it shows that the board declined to accept any of the bids for the work and was proceeding to take charge of the improvements and to have the work done in conformity with the plans and specifications under the provisions of section 4 of chapter 246 of the Laws of 1919, which authorizes the board to "let contracts for the labor only or the labor and a portion of the material," and to "purchase any or all of the materials that enter into the improve-

Hines v. Barton County.

ments of said highway and may supply same to the contractor or contractors." The defendant's contention in this respect is predicated on the technical definition of the words "award" and "bid" as used in the language employed by the subscribers to the petition in stating the condition.

Finally, it is urged that the railway company cannot maintain the action because it did not sign the petition and none of those who did is complaining of the action of the board in attempting to proceed with the improvements. Any property owner whose lands will be charged with a part of the cost of the improvement is entitled to insist that the improvement shall not be made if the cost is to exceed the limitation contained in the petition. The law contemplates that the minority who do not sign the petition and who are bound by the proceedings instituted by the majority, have the same right to insist that proceedings shall be in accordance with the petition as has any of the signers thereof.

The judgment will be reversed and the cause remanded with directions to overrule the demurrer and to enter judgment for the plaintiffs.

JOHNSTON, C. J., dissents.

BURCH, J. (concurring specially) : I agree that a condition attached to the signature of a petitioner may not be ignored. The statute, however, does not recognize signatures on condition and all such signatures must be disregarded.

## SUPPLEMENTAL OPINION.

### (Filed April 17, 1920.)

#### SYLLABUS BY THE COURT.

ROAD BENEFIT DISTRICT—*Petition Signed Conditionally—Petition Not Necessarily a Nullity.* A petition for the creation of a road benefit district and for the improvement of the road is not rendered a nullity by reason of a condition therein limiting the cost of the improvement. But if the board of county commissioners see fit to accept and act upon such a conditional petition, it must accept it as a whole and cannot ignore the condition and order the improvement made.

The supplemental opinion of the court was delivered by

PORTER, J.: Since the opinion was handed down, the defendant has presented a request that the judgment be modified

and the trial court directed to overrule the demurrer to the petition and permit the defendant to file its answer denying that the cost of the proposed improvement will exceed $30,000 per mile. The direction to enter judgment in plaintiffs' favor was upon the assumption that defendant conceded, not only for the purposes of the demurrer, but as a fact, that the cost of the improvement would be largely in excess of the amount of the limitation. The request for a modification should be granted unless a question of law suggested, but not passed upon, be determined in favor of plaintiffs. That question is, whether a petition for the creation of a road benefit district and the improvement of the road, with a limitation on the cost of the improvement, confers jurisdiction upon the board to order the improvement made? If the principle be followed that is declared in several of the cases cited in the opinion, holding that any condition not authorized by the statute attached to a signature to the petition renders that signature a nullity and in estimating the number of signers that signature should not be counted, then it follows that when the petition itself contains such a condition, it has not the force or effect of a petition.

Without further discussion or comment, the court is of the opinion that a petition for such improvements is not rendered a nullity by reason of a condition therein limiting the cost of the improvement, and as already held, where the board of county commissioners accept and act upon a conditional petition, it must accept it as a whole and cannot ignore the condition and order the improvement made.

The cause will, therefore, be remanded with directions to overrule the demurrer and permit the defendant to answer.

BURCH, and MARSHALL, JJ., dissenting.