No. 23,619

THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellee*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF BARTON, *Appellant*.

### SYLLABUS BY THE COURT.

1. ROAD BENEFIT DISTRICT—*Petition Signed Conditionally—Conditions Must Be Respected by County Board.* Where pursuant to the provisions of the good-roads acts of 1917 and 1919 (Laws 1917, ch. 265, Laws 1919, ch. 246) a petition for the construction of an improved highway is presented to the board of county commissioners, signed by the requisite number of qualified landowners, which petition contains a condition that the road prayed for shall not be constructed at an average cost exceeding $30,000 per mile, such limitation of cost is valid, and if the county board approves the petition it must respect the limitation of cost prescribed by the petitioners and the county board may be enjoined from constructing the proposed road at any greater expense—following *Hines v. Barton County*, 106 Kan. 682, 687, 189 Pac. 368.

2. SAME—*Injunction—Limitation of Actions.* Under the provisions of sections 1 and 4 of chapter 246 of the Session Laws of 1919, no action can be maintained to restrain the construction of an improved road authorized by the good-roads acts of 1917 and 1919 or the making of provision for the payment therefor, on account of any illegality in the road petition, or in the proceedings of the board pursuant thereto, or on account of any illegality in the advertising, receiving bids or awarding of contracts, or in the decision of the board to construct the road by day labor, unless such action is begun within thirty days after the matter complained of has been determined or undertaken—following *Field v. Reno County*, 107 Kan. 397, 191 Pac. 315.

3. SAME—*Conditional Petition—Limitation of Costs of Proposed Road.* Any attempt on the part of a board of county commissioners to disregard a valid limitation as to the maximum cost of a proposed road and to incur an expenditure of public funds in excess thereof, although such road improvement is otherwise lawfully projected and undertaken, gives rise to a cause of action in behalf of a taxpayer aggrieved thereby.

Appeal from Barton district court; DANIEL A. BANTA, judge. Opinion filed November 12, 1921. Modified.

*W. J. Weber*, county attorney, for the appellant; *F. Dumont Smith*, of Hutchinson, of counsel.

*William R. Smith, Owen J. Wood, Alfred A. Scott*, all of Topeka, and *William Osmond*, of Great Bend, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This case presents still another phase of the Barton county road litigation. (*Hines v. Barton County,* 106 Kan. 682, 687, 189 Pac. 368; *Hines v. Barton County,* No. 23,-618, just decided.)

The present action relates to the proposed construction of an improved road from Great Bend to Pawnee Rock, near the southwest corner of Barton county, a distance of some twelve miles.

On May 31, 1919, a petition of the requisite number of qualified landowners was presented to the board of county commissioners of Barton county praying for the permanent improvement of a public road between Great Bend and Pawnee Rock. The petition alleged that the desired improvement would be of benefit and public utility. The sort of improved road desired was outlined—

"All on condition that no award for the improvements herein prayed for shall be made upon any bid which will make the average cost per mile of the same more than $30,000."

The lands to be taxed for the improved road and included in the benefit road district thus created were specified. On July 7, 1919, the county board considered the petition and determined that the road should be constructed, and designated it as Sections A and B of Federal Aid Project No. 3. Further pertinent resolutions concerning this proposed road were likewise adopted at the same time.

The petition further alleges that the county board failed to set a time for the consideration of this petition and gave no public notice thereof; that no estimates, plans or specifications were filed in the office of the county clerk. On March 1, 1920, the county board resolved to take charge of and construct this road (and another projected road east of Great Bend, Section C), by purchasing machinery, grading, building culverts and bridges, laying concrete slab, "and do such other things and make such expenditures as may further be necessary for the improvement and construction of said road."

"Plaintiff further alleges that under the order made on the first day of March, 1920, . . . the said County Commissioners are now proposing to construct said highway from Great Bend to Pawnee Rock . . .

and by day labor, and that unless restrained by the order of this court, they will proceed to the construction of said road in the manner aforesaid.

"Plaintiff further alleges that the cost of said road per mile, if built as contemplated and ordered, will greatly exceed the sum of $30,000, and will be not less than $40,000 per mile, and possibly much more, all of which is well known to the said defendants, the Board of County Commissioners of Barton county, Kansas."

This action which was for an injunction to restrain the county board from constructing the road and from levying and collecting taxes or assessments on account thereof, was commenced on March 30, 1920.

The defendant board filed an answer making certain admissions and denials of the matters alleged in plaintiff's petition, and at the trial the parties agreed on the facts of controlling significance. The record shows the following:

Mr. Osmond (counsel for plaintiff, and reading from his petition):

"Plaintiff further alleges that the cost of said road per mile, if built as contemplated and ordered, will greatly exceed the sum of $30,000 and will be not less than $50,000 per mile, and possibly much more, all of which is well known to the said defendants the Board of County Commissioners of Barton County, Kansas."

Mr. Smith (counsel for defendant):

"We do not admit that; we will admit it will be more than $30,000 if built at the time the petition was filed.

.    .    .    .    .    .    .    .    .    .    .    .    .    .

"The defendants demur to the case as made and facts agreed upon, for the reason that the same wholly fail to prove a cause of action against these defendants except for an injunction against building said road at a cost exceeding $30,000 a mile, and for costs of this action. The defendants here and now in open court profess themselves as willing to submit to a permanent injunction enjoining them from constructing said road at a cost exceeding $30,000 a mile and for costs.

"The Court: That presents same question as involved in the other case.

"Mr. Smith: Yes."

The trial court rendered judgment for plaintiff perpetually enjoining the defendant board from constructing an improved highway under the petition of the qualified landowners filed with the board on May 31, 1919.

The board of county commissioners appeals, contending that the injunction is made too broad, that it should extend no fur-

ther than to prohibit the board from building the road between Great Bend and Pawnee Rock at a cost exceeding $30,000 per mile.

Counsel for the board also press upon our attention certain provisions of statute which will require some attention. The petition and preliminary proceedings to construct this improved highway were authorized by the good-roads acts of 1917 and 1919. In the latter act (chapter 246) it. is provided:

"SECTION 1. . . . *Provided, however*, That before such improvements, as prayed for in such petition, are ordered by the county commissioners, they shall, by order of the board, find the same to be of public utility, and the county clerk shall publish such order in one issue of the official county paper, and no action shall be brought to restrain the making of such improvements, or payment therefor, or levy of taxes or special assessments or issuance of bonds therefor, on the grounds of any illegality in said petition, or in any proceedings prior to said order, or in said order, unless such action be commenced within thirty days after the date of said order. . . .

"SEC. 4. . . . No action shall be brought to restrain the making of such improvements, or payment therefor, or levy of taxes or special assessments or issuance of bonds therefor on the ground of any illegality or irregularity in advertising, receiving bids or awarding the contract, or any proceedings prior to the award of said contract, or decision by the board to make such improvements by day labor, unless such action be commenced within thirty days after the date said contract is awarded or decision by the board to make such improvements by day labor."

There was no illegality in the petition filed on May 31, 1919. The limitation as to the cost of the road was a valid limitation. (*Hines v. Barton County,* supra.) The petition was not attacked within thirty days. Therefore neither the petition nor any of the proceedings undertaken pursuant thereto which were not challenged within thirty days can now be questioned. (*Field v. Reno Co.,* 107 Kan. 397, 191 Pac. 315.) The thirty days' limitation cuts off all controversy touching the matters had and done prior to thirty days before this suit was filed, March 30, 1920. On the other hand, however, any attempt to construct this highway at a cost exceeding $30,000 per mile, without a new petition of the qualified landowners, gives a cause of action to a taxpayer aggrieved thereby. The action of the county board on March 1, 1920, wherein it determined to proceed with the road building without regard to the $30;-

000 limitation gave plaintiff a cause of action, and it was filed within thirty days, so that provision of the act of 1919 was complied with, if indeed an action filed later would be barred.

It therefore follows that defendant's contention is correct. The injunction should be modified so as only to restrain the county board from constructing this improved highway at an expenditure exceeding an average cost of $30,000 per mile.

The cause is remanded with instructions to the trial court to modify its judgment granting an injunction in accordance herewith.