No. 24,466.

THE STATE OF KANSAS, ex rel. Richard J. Hopkins, as Attorney-general, *Plaintiff*, v. LORRAINE E. WOOSTER, as State Superintendent of Public Instruction, and GEORGE A. ALLEN, as Assistant State Superintendent of Public Instruction, *Defendants.*

SYLLABUS BY THE COURT.

1. STATE BOARD OF EDUCATION—*Right of Access to Books and Records.* The state board of education, or any member of it, has the right of access to the books and records of the board at any time during reasonable hours, whether the board is in session or not.

2. DIRECTOR OF FEDERAL VOCATIONAL EDUCATION—*Right of Access to Books and Records.* The director of the federal and state vocational education funds has the right of access to the books and records pertaining to his duties at any time.

3. SUPERINTENDENT OF PUBLIC INSTRUCTION—*Powers and Duties.* The state superintendent of public instruction cannot refuse to approve the vouchers of those employed by the state board of education for the purpose of ad-

ministering the federal and state vocational education funds, where the employees have performed the duties required of them by law.

4. SAME—*No Control Over Certificates to Teachers, Institute Conductors and Instructors.* The state superintendent of public instruction does not have the power to refuse state certificates to teachers, or certificates to institute conductors and instructors, or to reject applications for such certificates or for the renewal thereof, and does not have power to make rules and regulations concerning the issuance of such certificates.

5. SAME—*May Not Rank and Accredit Schools and Colleges.* The state superintendent of public instruction does not have authority to rank and accredit schools and colleges in this state.

6. STATE BOARD OF EDUCATION—*Meetings—How Called.* The state board of education may meet at any time that it deems necessary, without being called together by its chairman, the state superintendent of public instruction.

7. DECLARATORY JUDGMENTS—*Statute Constitutional. The State, ex rel., v. Grove,* 109 Kan. 619, 201 Pac. 82, followed.

Original proceeding in mandamus and quo warranto. Opinion filed July 8, 1922. Peremptory writ allowed.

*Richard J. Hopkins,* attorney-general, and *W. C. Ralston,* assistant attorney-general, for the plaintiff; *Robert Stone, George McDermott,* and *Robert L. Webb,* all of Topeka, of counsel.

*David Ritchie,* of Salina, for the defendants.

*Lorraine E. Wooster, pro se.*

The opinion of the court was delivered by

MARSHALL, J.: The petition in this action is styled an "application for writ of mandamus." It states a cause of action in mandamus and one in quo warranto. A controversy arose between the defendants and the state board of education, of which defendant Wooster is a member.

1. The defendants denied to the other members of the board of education access to the books and records of that board, which are kept in the office of the state superintendent of public instruction, at a time when the members of the board, other than defendant Wooster, desired to meet as a board. The defendants then contended that the meeting of the board was illegal, and for that reason denied the board access to the books and records and refused to permit the board to examine them. That contention of the defendants was without merit. The board, or any member of it, has the right of access to the books and records of the board and

has the right to examine them at any time during reasonable hours, whether the board is in session or not. The defendants were not justified in refusing to any of the members of the board access to those books and records.

2. C. M. Miller had been, by the state board of education, appointed director of federal vocational education. This was done under the act of congress, February 23, 1917, chapter 114, section 9 (39 U. S. Stat. 933). That act appropriates large sums of money for vocational education on condition that the states shall appropriate an equal amount and that expenditures for that purpose shall be equal on the part of the federal government and of the state. The state, by chapter 45 of the Laws of 1921, appropriated large amounts for this purpose. Miller was, by the defendants, denied access to the books and records relating to his duties. He had the unqualified right of access to them, and neither of the defendants was justified in refusing him permission to see and examine them at any time that he might see fit.

3. It appears that Helen Bennett was employed by the state board of education at a salary of $125 per month for the purpose of administering the funds for vocational education; that she was allowed her salary for the month of August, 1921; and that defendant Wooster has refused to approve the voucher for the salary of Helen Bennett for that month. It also appears that defendant Wooster is threatening to refuse to approve the voucher of C. M. Miller. If neither Helen Bennett nor C. M. Miller had been employed by the state board of education to assist in the distribution of the vocational education fund, nor had performed the services required, defendant Wooster would be justified in refusing to approve the vouchers allowing their salaries; but that is not the situation presented. The act appropriating money for vocational education (Laws 1921, ch. 45) provides that vouchers against the fund shall be approved as provided in chapter 280 of the Laws of 1917. That act provides that the vouchers shall be approved by the state superintendent of public instruction. This matter is controlled by *King v. Wooster*, ante, p. 625.

A peremptory writ of mandamus has been issued commanding the defendants to permit the board of education to have access to its books and records at all reasonable hours, commanding the defendants to permit C. M. Miller to have access to the books and records of the board of education pertaining to vocational educa-

tion, and commanding defendant Wooster to approve the vouchers of Helen Bennett and C. M. Miller.

There remains to be construed those matters that are presented by what may properly be termed proceedings in quo warranto.

4. The petition alleges that defendant Wooster, who by law is made chairman of the state board of education (Gen. Stat. 1915, § 8871, as amended by Laws 1919, ch. 256, § 1), is assuming to exercise the power of refusing state certificates to teachers and certificates to institute conductors and instructors, of rejecting applications for such certificates and for the renewal thereof, and of revoking such certificates. It is further alleged that the defendant Wooster is assuming to make and promulgate rules, regulations, and requirements concerning the issuance of state certificates to teachers and certificates to conductors and instructors of normal institutes. The plaintiff asks that the law be declared concerning the authority of the state superintendent of public instruction to exercise these powers. This is a question of statutory construction. An examination of the following statutes is necessary:

"The state board of education . . . shall . . . issue state teacher's certificates under such regulations, not inconsistent with law, as the state board may determine." (Gen. Stat. 1915, § 8872.)

"The state board of education shall have authority to hold examinations and to issue teachers' certificates to persons of good moral character who may give satisfactory evidence of the requisite scholarship, culture, professional attainments and ability, as provided in this act; and all certificates issued by the state board of education shall be valid in any township, county, school district, or city of the first or second class for the time specified in the certificate unless sooner revoked by the state board of education. All certificates issued by the state board of education shall be countersigned by the state superintendent of public instruction. . . . " (Gen. Stat. 1915, § 8993.)

"Normal training teachers' certificates may be issued by the state board of education as herein provided to graduates from normal training courses in high schools and academies accredited for this purpose by the state board of education." (Gen. Stat. 1915, § 8999, as amended by Laws 1921, ch. 232.)

"The state board of education may issue temporary teachers' certificates valid for one year only in such schools and departments as may be specified in said certificate." (Gen. Stat. 1915, § 9002.)

"The said state board of education is empowered to cancel any state certificate which said board on satisfactory proof finds to be held by a person of immoral character or otherwise disqualified for a teacher." (Gen. Stat. 1915, § 9023.)

"Any certificate issued by the state board of education, regents of the state normal school, county board of examiners or city board of examiners

53—111 KAN.

may be revoked by the body issuing the same on the grounds of immorality, gross neglect of duty . . . " (Gen. Stat. 1915, § 9039.)

These statutes reveal that the legislature has placed within the control of the state board of education all matters concerning the examination and qualifications of the classes of teachers named, and no duty is imposed on the state superintendent of public instruction concerning these matters except what is imposed on her as a member of that board. She has no more authority concerning issuing or revoking certificates than any other member of the board. She has authority equal to any other member.

5. It is alleged that defendant Wooster is assuming the authority of ranking and accrediting schools and colleges in this state.

"The state board of education . . . shall prescribe courses of study for the public schools of the state, including the common or district schools, the graded schools, and the high schools; they shall also prepare a course of study for the normal institutes; and they shall revise the several courses of study when in their judgment such revision is desirable; they shall have authority to make rules and regulations relating to the observance of the prescribed courses of study." (Gen. Stat. 1915, § 8872.)

Section 8874 of the General Statutes of 1915 reads:

"The state board of education shall have exclusive and sole authority to define official standards of excellence in all matters relating to the administration, course of study, and instruction in rural schools, graded schools, and high schools, and to accredit those schools in which the specified standards are maintained; and the board may grant to accredited schools an appropriate certificate or other evidence of approval."

Section 8875 reads:

"Any person who shall complete a four-year course of study in any high school accredited by the state board of education shall be entitled to admission to the freshman class of the state university, the state agricultural college, or any of the state normal schools, on presenting a statement containing a transcript of his high-school record signed by the principal of the school and certifying that such person has satisfactorily completed said course of study."

The express provisions of the statute place control of these matters directly in the state board of education.

6. The petition further alleges that defendant Wooster is acting on the assumption that the state board of education cannot meet except on the call of its chairman. Section 8872 of the General Statutes of 1915, in part, reads:

"The state board of education shall meet at such times and places as may

The State, *ex rel.*, v. Wooster.

be determined by them and at the call of the state superintendent of public instruction."

Under this statute, there is no question about the authority of the state superintendent of public instruction to call a meeting of the board of education; but that is not the question presented. Can the board meet without a call from its chairman? It cannot be said that the board cannot meet if the state superintendent of public instruction should refuse to call a meeting. If it becomes necessary for the board to meet, there is no law prohibiting it from meeting and transacting the business that is necessary to be done. If this be not correct, the board might be very seriously interfered with in the performance of its duties. The statute gives the board authority to meet at such times and places as it' may determine. The statute does not say that the board must fix regular times and places for its meetings. It may very properly perform its duties in meetings at fixed times and places, but may very well depend on making arrangements for meeting whenever necessary.

In *The State, ex rel., v. Younkin,* 108 Kan. 634, 638, 196 Pac. 620, this was said:

"While the powers of a public officer or board are those and those only which the law confers, yet when the law does confer a power or prescribe a duty to be performed or exercised by a public officer, the powers granted and duties prescribed carry with them by necessary implication such incidents of authority as are necessary for the effectual exercise of the powers conferred and duties imposed."

It must be said that the board can meet, if it so desires, without being called together by the state superintendent of public instruction.

7. The defendants question the jurisdiction of this court to entertain a petition to declare the law on any question under the declaratory-judgment statute. (Laws 1921, ch. 168.) This court has original jurisdiction in mandamus and quo warranto. (Const., art. 3, § 3.) The validity of the declaratory statute has been upheld. (*The State, ex rel., v. Groue,* 109 Kan. 619, 201 Pac. 82.)