No. 25,040.

THE STATE OF KANSAS, ex rel. CHARLES B. GRIFFITH, as Attorney-general, *Plaintiff,* v. JONATHAN M. DAVIS, as Governor et al., *Defendants.*

Original proceedings in quo warranto. Opinion filed June 9, 1923. Judgment for defendants.

*Charles B. Griffith,* attorney-general, and *John G. Egan,* assistant attorney-general, for the plaintiff.

*Lee Bond,* of Leavenworth, *Robert Stone,* and *A. M. Harvey,* both of Topeka, for the defendants.

*Per Curiam:* In this action, the plaintiff asks for a declaratory judgment and questions the power of the governor, the secretary of state, and the auditor of state to do certain things which they are attempting to perform under the soldiers' compensation law adopted by the people at the general election in November, 1922, and under the subsequent laws concerning that subject, enacted by the legislature in 1923. The law adoted by the people was enacted by the legislature in 1923 as House Bill No. 1. Subsequent legislation is contained in Senate bills 568, 572, and 584, and in House bills 459, 460, 461, 462, 487, 488, 653, and 654.

The petition alleges—

"The relator herein, in the name of the state, challenges the right, power and authority of the defendants, and each of them, to proceed to issue bonds under the terms of said statutes, and under the procedure by them taken, and in the manner by which such bonds are proposed to be issued, and alleges that they have no such right, power and authority, for the following reasons, to wit:"

After this statement, follows eight alleged reasons numbered consecutively from 1 to 8, inclusive, each of which will be quoted and answered in the order set out in the petition.

"1. That said House bill No. 488, Senate bill No. 572 and ·Senate bill No. 584, and each of them, are unconstitutional and invalid, for the reason that such acts have not been submitted to nor ratified by the electors of the state of Kansas, at some general election, in violation of sections 5, 6 and 7 of article 11 of the constitution of the state of Kansas', and that said acts are not consistent with, and are attempts to amend and modify the provisions of said House bill No. 1, which was so submitted and ratified, and that such acts are uncertain and vague, and were not regularly and legally passed by the legislature of the state of Kansas."

None of these contentions can be sustained.

"2. That in the issuance of the said bonds, the defendants propose that the execution of the bonds be accomplished by the signature of the governor and of the secretary of state, and by the affixing of the great seal of the state, and by the signature and seal of the auditor of state, certifying. to an indorsement upon said bonds that a complete transcript of the proceedings leading up to the issuing of the bonds has been placed on file in his office and that the bonds have been regularly and legally issued, and have been registered in his office, according to law, and that the execution of coupons be acomplished by the lithographed signatures of all of said defendants; all in violation of the provisions of section 2 of said House bill No. 1, wherein it is provided that said bonds be issued by said defendants and each of them."

The manner of the proposed issue of bonds is proper and does not violate the law adopted by the people.

"3. That defendants are proposing to issue, sell and deliver bonds in the sum of $25,000,000 on or about July 1, 1923, notwithstanding the fact that claims for compensation under the provisions of said House bill No. 1 have not been allowed in the sum of $25,000,000, and will not be allowed in that sum prior to July 1, 1923, and plaintiff alleges that defendants have no reasonable grounds to expect that claims will be allowed in such amount before such date, but, on the contrary that the claims allowed prior to July 1, 1923, will probably not exceed the sum of $10,000,000; and that thereby defendants have violated and will, in the issuance of such bonds, violate the provisions of section 2 of said House bill No. 1, and particularly that portion thereof which provides:

" 'Provided, That such bonds may be issued in installments from time to

time, in such amounts and upon such terms as may be necessary to meet the payments of compensation as the same are allowed.'"

Under the law, the bonds may all be issued at the same time.

"4. That the said defendants, in the issuance of said bonds, propose to make the same payable at the sub-fiscal agency of the state of Kansas in the city of New York, state of New York, at the option of the holder, under the provisions of the said House bill No. 488; and that such portion of House bill No. 488, and such proposal on the part of such defendants is contrary to and inconsistent with the provisions of said House bill No. 1, and particularly of that portion of section 2 thereof, which provides:

" 'Such bonds or the portion thereof at any time issued, shall be made payable at the fiscal agency of the state of Kansas,' . . ." and that such portion of House bill No. 488, and the proceedings taken and proposed to be taken thereunder, are wholly void."

The bonds may be made payable at either the fiscal agency of the state of Kansas in the city of Topeka, or at the subfiscal agency in the city of New York.

"5. Defendants are proposing to issue bonds dated July 1, 1923, one twenty-fifth of which shall be payable on July 1, 1924, and one twenty-fifth on July 1 of each year thereafter, in violation of the provisions of House bill No. 488, above referred to, and particularly to that portion thereof which provides:

" 'The bonds issued in any year under the provisions of this act shall be payable in equal, annual installments of one twenty-fifth each year, the first of which shall be payable January 1, 1924, and the last of which shall be payable January 1, 1949. The bonds shall be payable on the first day of January of each year.'"

The parts of these laws providing for the date of issue and the maturity of the bonds are directory, but they are to be complied with where practicable; a necessary variation from those dates will not render the bonds illegal.

"6. Defendants are proposing to issue bonds dated July 1, 1923, one twenty-fifth of which shall be payable on July 1, 1924, and one twenty-fifth on July 1 of each year therafter; the last of which shall be payable July 1, 1948, or twenty-five years after the date of issue, in violation of said House bill No. 1, and particularly of that portion thereof which provides:

" 'Such bonds or the portion thereof at any time issued shall be made payable at the fiscal agency of the state of Kansas in twenty-five equal, annual installments, the last of which shall be payable twenty-six years from the date of issue . . .' and in violation of the provisions of said House bill No. 488, and particularly of that portion thereof which provides:

" 'The bonds issued in any year under the provisions of this act shall be payable in equal, annual installments of one twenty-fifth each year, the first of which shall be payable January 1, 1924, and the last of which shall be payable January 1, 1949.'"

The propositions here presented are properly answered in the same way as those presented under No. 5.

"7. That on account of the provisions of House bill No. 1 and of House bill No. 488, as set out in the preceding paragraph, the said acts are uncertain and vague, and impossible to be complied with in the issuance of bonds thereunder, and are therefore void and of no effect."

The laws concerning the compensation of those who served in the army, navy, or marine corps during the world war are not so indefinite that they cannot be complied with.

"8. The transcript of the proceedings of said defendants, attached hereto as 'Exhibit A,' is insufficient in form and in the subject matter therein contained to show that said bonds by reason of such proceedings are or can be regularly and legally issued, and thereby become an obligation of the state of Kansas."

No irregularity appears in the transcript of proceedings of the defendants concerning the issue of the bonds that will render the bonds invalid.

A number of the propositions discussed are disposed of by *The State, ex rel., v. Younkin,* 108 Kan. 634, 638, 196 Pac. 620, and *The State, ex rel., v. Wooster,* 111 Kan. 830, 835, 208 Pac. 656, where this court said:

"While the powers of a public officer or board are those and those only which the law confers, yet when the law does confer a power or prescribe a duty to be performed or exercised by a public officer, the powers granted and duties prescribed carry with them by necessary implication such incidents of authority as are necessary for the effectual exercise of the powers conferred and duties imposed."

The validity of the laws passed on this subject is challenged by the plaintiff, but no defect is pointed out, and the court is unable to find any. The court is asked to search the law and proceedings for any possible defect which may exist, and to point it out. That the court declines to do.