No. 25,462.

THE STATE OF KANSAS, ex rel. CHARLES B. GRIFFITH, as Attorney-general, *Plaintiff*, v. JONATHAN M. DAVIS, as Governor; FRANK J. RYAN, as Secretary of State; NORTON A. TURNER, as Auditor; R. NEILL RAHN, as Adjutant General; BEN S. PAULEN, as Lieutenant Governor, *Defendants*.

SYLLABUS BY THE COURT.

SOLDIERS' COMPENSATION LAW—*Statute of 1923 Authorizing Issuance of Additional Bonds Valid.* The court finds the proceedings of the board charged with the administration of the law relating to compensation of veterans of the world war, in respect to the issuance of additional bonds, to be regular and proper, and the statutes upon which they are based to be valid. Ouster against the board with respect to the power undertaken to be exercised is refused and the methods adopted are approved.

Original proceeding in quo warranto. Opinion filed December 27, 1923. Judgment for the defendants.

*Charles B. Griffith,* attorney-general, *John G. Egan,* and *W. C. Ralston,* assistant attorneys-general, for the plaintiff.

*John F. Rhodes, Donald W. Stewart,* and *W. A. Smith,* all of Topeka, for the defendants.

The opinion of the court was delivered by

MASON, J.: The legislature of 1923 (Laws 1923, ch. 200), in accordance with the vote of the people, authorized the issuance of state bonds to the amount of $25,000,000, to provide for the payment of compensation to veterans of the world war. It having become apparent that the amount was not adequate for the purpose, an additional issue up to the amount of $7,000,000 was authorized at a special session (Laws 1923, special session, ch. 6), provision being made for the levy of taxes in payment thereof (ch. 14). The state officers constituting the board charged with the administration of the law, finding such action to be necessary, have undertaken to cause the issuance of one-half the amount of bonds last named. Because of a controversy relating to the validity of their proceedings the present action is brought against them by the state on the relation of the attorney-general to oust them from the exercise of the power asserted if found to be in any way unlawful, and to determine under the declaratory judgment statute the questions involved in deciding the controversy. The objections urged to the validity of the action of the board will be considered in turn.

The regularity of the enactment of the laws of the special session above cited is challenged. The records have been examined and it is found that the session was duly called and held and that the acts in question were regularly passed, approved and published.

Questions are raised whether the purpose to which the proceeds of the bonds are to be put is a public purpose and the debt created is a public debt; whether the persons to whom compensation is to be made were in the service of the state; whether their services were such as to bring compensation therefor within the provisions of section 7 of article 11 of the Kansas constitution; whether the debt to which the proceeds of the bonds are to be applied has been regularly created. We answer these questions in the affirmative, basing the decision upon the reasons given in *The State, ex rel., v. Davis,* 113 Kan. 4, 213 Pac. 171.

It is asked whether a tax has been levied and appropriation made to meet the principal and interest of the bonds as they fall due. The statute shows that such is the case. (Laws 1923, special session, ch. 6, § 4; ch. 14, § 1.)

The question is submitted whether it sufficiently appears that the issuance of bonds in addition to the $25,000,000 already sold is necessary in order to provide funds for the payment of the compensation on the basis fixed by the statute, and whether the sum named is required for the purpose. The transcript of the proceedings of the board in this connection, which is on file in this case, is in due form and shows that the amount already raised is practically exhausted by the allowances already made, and that reasonable estimates upon the information at hand indicate that $3,500,000 additional will be needed. These facts are certified to by the board, the data being given in some detail in the certificate. The matter is one which the board is competent to determine, and the evidence sustains its findings and conclusions.

The power of the legislature without a further vote of the people to authorize the issuance of bonds in addition to the $25,000,000 already sold is questioned. That power has already been upheld by this court in *The State, ex rel., v. Davis,* 114 Kan. 283, 217 Pac. 905, and the decision there made is now approved. It is shown by the record to have been exercised in a manner to which no valid objection has been presented. The later legislation has not created a new debt—it has merely made provision for the payment of the debt already legally created by the legislature with the approval

of a popular vote, providing with sufficient certainty for legal machinery necessary to that end.

The acts of the special session referred to are not open to constitutional objection on the ground that they undertake to delegate legislative power to the board; or that they are inconsistent with the act of 1923; or that more than one subject is contained in either; or that the subjects are not clearly expressed in the titles; or that they do not have a uniform operation; or that they are special legislation.

The bonds may be properly issued with the signatures of the governor and secretary of state on their face and that of the auditor indorsed thereon; they may be made payable at a subfiscal agency of the state of Kansas in New York City, and in other respects caused to conform to the methods approved in *The State, ex rel., v. Davis*, 113 Kan. 584, 217 Pac. 903.

No tenable objection being found in law or fact to the issuance of the bonds in accordance with the methods adopted, judgment is rendered for the defendants; ouster against them with respect to the exercise of the power they assert is refused, and their proceedings herein referred to are held to be valid.