Mississippi Public Service Commission *v.* Chambers

No. 40983          January 26, 1959          108 So. 2d 550

*Gordon & Kendall, Dan McCullen, Butler, Snow, O'-Mara, Stevens & Cannada,* Jackson, for appellant.

*Dudley W. Conner,* Hattiesburg; *Byrd, Wise & Smith,* Jackson; *J. H. Wright* and *John W. Freels,* Chicago, Illinois, for appellees.

McGehee, C. J.

This is an appeal from the action of the Circuit Court of Hinds County which reversed an order of the Mississippi Public Service Commission which had ordered the appellees, Walter M. Chambers, doing business as W. M. Chambers Truck Line, and the Mississippi Transport Company, Inc. "to cease and desist from engaging in operations as a restricted common carrier by motor vehicle in intrastate commerce within the State of Mississippi,

and from asserting any control over or right to operate under Certificate of Public Convenience and Necessity No. 722-729 theretofore issued by the Mississippi Public Service Commission" to W. F. Truax of Gulfport, Mississippi.

On February 26, 1957 the Mississippi Public Service Commission ordered that a citation be issued against the appellees, Walter M. Chambers, doing business as W. M. Chambers Truck Line and the Mississippi Transport Company, Inc., "to show cause why an alleged stock transfer from the stockholders of the Mississippi Transport Company, Inc. to Walter M. Chambers, and two of his full-time employees, should not be set aside and held for naught, as being in violation of Sec. 7652 of the Mississippi Code of 1942." The appellees responded to the citation by filing a motion to quash the same or a demurrer thereto and which motion or demurrer was overruled by the Public Service Commission, and the appellees appealed to the circuit court. W. F. Truax should have been, but was not, made a party defendant to this citation, since it would have been necessary for the Commission to have set aside its action of November 2, 1955 in approving the transfer of Certificate of Convenience and Necessity No. 722-729 from W. F. Truax to the Mississippi Transport Company, Inc., on the ground that the approval of the Commission of such transfer had been obtained upon the representation to the Commission by the said Truax that he was converting his truck line operation from an individual proprietorship to the corporation, leaving the Commission under the impression that Truax intended to continue to operate under the said Certificate himself in the name of the newly formed corporation, when he had concealed from the Commission his previous negotiations and agreement with Walter M. Chambers to sell and transfer all of the capital stock of the corporation to Chambers and his employees so as to enable the W. M. Chambers Truck Lines to operate under

the said Certificate of Convenience and Necessity without the approval of the Public Service Commission having been first had and obtained.

Either legal or actual fraud must not only be clearly proved but it must be alleged when relied upon as a basis for the order rendered by the Public Service Commission hereinbefore mentioned.

The appellants, Miller Petroleum Transporters, Ltd. of Jackson and the Capital Transport Company, Inc. of McComb operate as restricted common carriers by motor vehicle of petroleum and petroleum products in the State of Mississippi under intrastate Certificates of Public Convenience and Necessity issued by the Mississippi Public Service Commission. They were allowed to intervene before the Public Service Commission as parties in interest in such matter, and orders by the Commission were duly entered in that behalf.

Walter M. Chambers, doing business as W. M. Chambers Truck Line of New Orleans, Louisiana, also operates as a restricted common carrier by motor vehicle of petroleum and petroleum products, but its authority to operate to and from points in the State of Mississippi is pursuant to an interstate Certificate issued by the Interstate Commerce Commission. Chambers owns no intrastate Certificate.

Prior to November 2, 1955 W. F. Truax of Gulfport was the owner and holder of Certificate of Public Convenience and Necessity issued by the Mississippi Public Service Commission No. 722-729 here in question. On and prior to November 2, 1955 this Certificate was leased by Truax to W. L. Williamson, doing business as Williamson Transport Company, the lease having been theretofore approved by the said Public Service Commission.

On November 2, 1955 the said Truax and Williamson, by joint application, requested that said lease agreement be cancelled, and on that date an order was entered approving the cancellation thereof.

On the same date, upon joint application submitted by the said W. F. Truax and the appellee, Mississippi Transport Company, Inc., a newly formed Mississippi corporation, the Board approved of the sale and transfer of the said Certificate No. 722-729 from Truax to the said Mississippi Transport Company, Inc.

The Public Service Commission adjudicated without testimony that its approval of the transfer of Certificate No. 722-729 from Truax to the Mississippi Transport Company, Inc. was obtained in a cause before the Commission, Docket No. MC-2593, without its being made known to the Commission that Walter M. Chambers was interested in getting control of said Certificate by means of purchasing all of the capital stock in the Mississippi Transport Company, Inc. which was then being organized. Nor was the Commission advised that negotiations had been going on for sometime between the said W. F. Truax and Walter M. Chambers in regard to the organization of the Mississippi Transport Company, Inc., and sale of all the capital stock thereof to Chambers and his employees, but it developed that 150 shares of the capital stock in the newly formed corporation were issued 1 share to Edward D. Roth, 1 share to Mrs. W. F. Truax and the remaining 148 shares to W. F. Truax, and thereafter on December 19, 1955, four days after the qualification of said corporation, the said Edward D. Roth sold his share to Warren T. Deckert; Mrs. W. F. Truax sold her share to Edward N. Lennox; and W. F. Truax sold his 148 shares to the said Walter M. Chambers, the said Deckert and Lennox being full-time employees of Walter M. Chambers, doing business as W. M. Chambers Truck Line, New Orleans, Louisiana.

As hereinbefore stated, Chambers operates as a common carrier of petroleum and petroleum products under Certificates issued by the Federal Interstate Commerce Commission within Mississippi and other states including Louisiana, Tennessee and Alabama, but he does not have

intrastate rights in Mississippi. Mr. Lennox, who owns one share in the Mississippi Transport Company, Inc., as aforesaid, and the only witness in this case, is the general manager of Mr. Chambers' entire operations.

Although this newly formed corporation was qualified to operate as a common carrier on December 19, 1955, the testimony of Mr. Lennox shows that the rolling stock of said corporation was in such bad state of repair that it could not be used on the state highways. The first license tags purchased by Mississippi Transport Company, Inc. were not purchased until October, 1956, and only after the Commission had instituted a citation proceeding against the Company for its failure to operate and comply with the various provisions of the Motor Carrier Act and the regulations of the Commission. The total payroll of the Mississippi Transport Company, Inc. for the entire year of 1956 was the sum of $10.52, which was paid to a truck driver, who seems to have made a trip from Collins to Lumberton, Mississippi. He testified that "as a going concern, its value was almost nil." Its equipment was traded in for the new for the use of Chambers Truck Line.

The Public Service Commission found as a fact that the organization of the Mississippi Transport Company, Inc. and the transfer of the Certificate in question to the said corporation and the transfer of the stock therein to Chambers and his employees were all steps taken in carrying out a preconceived plan to acquire the use of Certificate No. 722-729, without the consent and approval of the Mississippi Public Service Commission and to circumvent Sec. 7652, Code of 1942, requiring the approval of such Commission.

Mr. Lennox testified:

A. * * * Our purpose in becoming interested in the acquisition of the stock of Mississippi Transport Company was to preserve an operation which we had had

at Lumberton over a period of years, which traffic was moving in interstate commerce and was handled by W. M. Chambers Truck Line, which would in the near future move in intrastate commerce in Mississippi, and would seriously jeopardize our operation at Lumberton. It was to sustain the operation that we had had at Lumberton for a period of eight years.

Mr. Lennox further enlightened the Commission as to their purpose in acquiring the capital stock of the Mississippi Transport Company, Inc. when he made the further statements:

A. There has been for a period of years a movement of distillate and crude petroleum, and so forth, into Louisiana from the Pistol Ridge-Baxter Field. And over a period of years we initially had one piece of equipment there, from 1949 and prior to 1949, that developed into an operation at one time of twenty pieces of equipment engaged principally in the movement of crude and semi-refined petroleum from the Lumberton area into Louisiana. Later on that movement was changed and became an intrastate movement and we became somewhat concerned about our investment, and we did everything we could to protect ourselves.

Q. And you wanted to obtain the necessary authority to continue the operation whether it was an interstate or intrastate commerce?

A. We wanted to sustain the operation at Lumberton, regardless of the nature of the traffic.

But the foregoing facts and circumstances were not alleged in such a manner as to require the appellees to defend on the issue that Truax had by misrepresentations induced the Public Service Commission to approve of his transfer of the Certificate in question to the Mississippi Transport Company, Inc., and to defend against the right of the Commission to set aside the transfer of such Certificate from Truax to the said corporation, and in regard to which W. F. Truax would have been a neces-

sary party as aforesaid. In other words the motion to quash the citation or the demurrer thereto should have been sustained by the Public Service Commission, and the Commission should have so reformed the proceedings as to require W. F. Truax, the Mississippi Transport Company, Inc., and the other appellees to show cause as to why the approval of the Commission to the transfer of the Certificate from Truax to the Mississippi Transport Company, Inc., should not be rescinded, instead of requiring Walter M. Chambers, doing business as W. M. Chambers Truck Line and the Mississippi Transport Company, Inc. ''to show cause why an alleged stock transfer from the stockholders of the Mississippi Transport Company, Inc. to Walter M. Chambers and two of his full-time employees should not be set aside and held for naught, * * *.''

Section 7652, Code of 1942 provides in Sub-Section (a) as to how the sale or transfer of Certificates of Convenience and Necessity may be accomplished, with the approval of the Commission. Sub-Section (b) thereof provides: ''It shall be unlawful for any person, except as provided in Sub-Section (a) of this section to accomplish or effectuate, or to participate in the accomplishing and effectuating the sale, lease, assignment or transfer of a Certificate, however the result is attained.'' Sub-Section (c) of this statute authorizes the Public Service Commission, upon complaint or upon its own initiative, to investigate and determine whether any person is violating the provision of Sub-Section (b) of this statute.

We are of the opinion that Paragraph (b) of said Section 7652, Code of 1942, is even broader in its scope and effect than are the 1940 amendments of the National Motor Carrier Regulatory Act, in that Paragraph (b) of our statute prohibits the accomplishing or effectuating or participating in the accomplishing and effectuating of the sale, lease, assignment or transfer of a Certificate of Con-

venience and Necessity, However the result is attained,''
without the consent of the Commission.

The Alabama statute which was before the court of
that State in the case of Martin Truck Line, Inc. v. Ala-
bama Tank Lines, Inc., et al., 73 So. 2d 756, does not con-
tain a provision similar to Paragraph (b) of our said
statute.

It is the general rule that when a public board such as
the Mississippi Public Service Commission is granted
certain enumerated powers, there is usually conferred
the implied power that may be reasonably necessary to
the performance and exercise of the powers expressly
granted.

We are therefore of the opinion that the judgment of
the Circuit Court should be affirmed, but without pre-
judice to the Mississippi Public Service Commission and
the other parties in interest to take such appropriate ac-
tion in the premises as may be consistent with this opin-
ion, in the performance of its authority to enforce the
provisions of the Mississippi Motor Carrier Regulatory
Act, 1938, Sec. 7632, et seq., Mississippi Code of 1942.

Affirmed without prejudice to any of those in interest.

*Hall, Lee, Kyle,* and *Holmes, JJ.,* concur.