DAN M. LEE, Presiding Justice,
for the Court:
This case was heard in the Circuit Court of Hinds County as an appeal from an order of the Mississippi Public Service Commission (PSC). The cause came before the PSC on a Motion for Approval of Transfer of Certificate No. 990-T Pursuant to Foreclosure Sale, filed on July 24, 1984, and an Application for Transfer of Certificate No. 990-T, filed on July 18,1984. The appellant, Ms. Dorman, filed an Objection to Transfer of Certificate on August 13, *1215 1984. She alleged an equitable lien on the certificate, by virtue of an unpaid promissory note executed by Auby Rowell and Auby Rowell, Inc. in favor of her father, William F. Truax.
A hearing was held before the PSC on September 26, 1984. After receiving testimony, the PSC found in favor of Rowell. The PSC found that due and proper notice of the motion and application was given, that Michael Rowell lawfully acquired a perfected security interest in the certificate, that the transfer resulting from the foreclosure sale was a good faith transfer, that the foreclosure sale was valid, that the transaction was consistent with the public interest, and that the PSC has no jurisdiction to condition transfer on payment of an unsecured note. The Circuit Court affirmed the PSC on October 9, 1985.
Ms. Dorman appeals, assigning the following as error:
1. The Circuit Court of Hinds County erred when it affirmed the Order of the Public Service Commission approving the transfer of Certificate 990-T from Auby Rowell, Inc. to Michael Allen Rowell and the transfer of such Certificate from Michael Allen Rowell to Michael Transportation, Inc. as such order was not supported by substantial evidence or by the law and was erroneous in the following particulars:
a. The PSC erred in holding that Michael Allen Rowell held a perfected security interest in such Certificate as Section 77-7-61 does not permit a certificate holder to grant a security interest in such certificate without approval of the PSC.
b. Section 77-7-61 requires the PSC to determine whether or not the transaction between Auby Rowell, Inc. and Michael Allen Rowell and the subsequent transfer to Michael Allen Rowell of such certificate was in good faith. The finding of the PSC that such transaction was in good faith is contrary to the law and the evidence.
c. Michael Allen Rowell failed to offer proof which would overcome the presumption that such security interest was free from all suspicion, unfair advantage and undue benefit.
WE FIND THAT THE WRONG ALLEGED BY THE APPELLANT COULD NOT BE RESOLVED BY THE PSC, AND, THEREFORE, AFFIRM.
FACTS
Certificate No. 990-T is a “Certificate of Public Convenience and Necessity as a Restricted Common Carrier of Property by Motor Vehicle.” It was originally issued to William F. Truax, the appellant’s decedent, on November 15, 1946. He began, in 1959, to lease it to third parties, and on August 5, 1981, he sold it to Auby Rowell and Auby Rowell, Inc. The buyers paid $35,000.00 in cash, and the remaining $40,000.00 of the purchase price was to be paid as agreed upon in a promissory note executed con-temporaenously. The terms of the note required three payments of $13,333.33 to be paid on August 5, 1982, 1983 and 1984. Only the 1982 payment was made. Truax’s daughter and executrix, Ms. Dorman, filed a complaint in the Circuit Court of Jones County, seeking $26,666.66, plus interest, attorneys’ fees and costs. On September 7, 1984, she obtained a default judgment against Auby Rowell, Inc. for $34,346.64.
In the meantime, after the sale of the certificate to Auby Rowell and his corporation, the company’s financial situation deteriorated. Beginning in October 1979, the company began receiving loans from Auby’s son, Michael. Michael was the Vice-President and General Manager of Auby Rowell, Inc., and may have been a director. Auby Rowell, Inc. was involved in oil field trucking, and, as the oil business declined, its financial condition worsened. Michael admitted that there were times when he drew money from the loan account because the company could not afford to pay him a salary. Even though his primary concern was operations and he was only generally familiar with the financial end of the business, Michael realized, by September of 1982, that the company was in bad shape. Michael testified that he thought the loan was still good because the company was, at that time, in the process *1216 of selling off a large amount of real estate. However, he began looking for a way to protect himself. He went to attorney Lunceford Casey, who also worked for the corporation, and asked for advice.
By that time the corporation owed several people, including Truax. Casey advised Michael to investigate whether the company had any unencumbered assets. The only remaining unencumbered asset was the certificate of necessity, and Casey told Michael that he could secure his loan with it. Casey prepared the UCC filings, which were made with the Jones County Chancery Clerk and the Secretary of State in November 1982. The loan schedule does not show that any advances were made contemporaneously with the security agreement; in fact, the last advance was made on September 21, 1982, bringing the loan amount to roughly $100,000.00. Nevertheless, Michael testified that he had no trouble getting his father to execute, in November of 1982, a security agreement in his favor.
Auby Rowell, Inc. filed a voluntary petition for bankruptcy under Chapter 11 in either September 1982 or September 1983, according to Michael’s testimony. He admitted that he continued to receive payments on his loan after the bankruptcy filing. On March 20, 1984, the company voluntarily dismissed its Chapter 11 petition because another company had expressed an interest in buying it. However, that deal fell through, and, on May 16, 1984, Auby Rowell filed a voluntary petition for himself under Chapter 7 of the bankruptcy code.
At about the same time as the Chapter 7 filing, Michael initiated foreclosure proceedings on the certificate of necessity. The foreclosure sale was advertised in the local newspaper on May 4, 1984, and a notice was posted on the Jones County Courthouse bulletin board on May 2, 1984. The certificate was offered for sale on the courthouse steps on May 11, 1984, and Michael outbid another party in the amount of $40,000.00. Although Michael later testified that he did not plan, at the time of the security agreement, to go into the transportation business, immediately after foreclosure, he began proceedings to transfer the certificate of Michael Transportation, Inc. This company was chartered by Michael Rowell, as sole shareholder, in April 1984.
I. DOES MISS.CODE ANN. § 77-7-61 (1972) PREVENT A CERTIFICATE HOLDER FROM GRANTING A SECURITY INTEREST IN A CERTIFICATE WITHOUT APPROVAL FROM THE PSC?
Miss.Code Ann. § 77-7-61 requires, in pertinent part, that “Whenever a purchase, lease, assignment or transfer is proposed under this section, the carrier or carriers or the person seeking authority therefor shall present an application to the commission_” The appellant argues that the granting of a security interest was a “transfer,” within the meaning of the statute, and required commission approval. The appellee argues that a security interest transaction does not transfer control over the certificate, and, thus, does not fall within the statute.
We are convinced that the appellee’s argument represents the sounder rule. We further hold that this case is distinguishable from Mississippi Public Service Commission v. Chambers, 235 Miss. 133, 108 So.2d 550 (1959). In that case, the predecessor to this statute was held to prevent the transfer of this same certificate from an individual to a corporation, where the corporation’s stock was subsequently sold to others. There, however, a transfer of control over the certificate clearly occurred. Here, no such transfer was accomplished by the mere execution of a security agreement. Furthermore, we note that, immediately upon foreclosing upon the instrument, Michael Rowell took the necessary steps to comply with the PSC’s requirements. Thus, we find no merit to this assignment of error.
II. DID THE GRANTING OF A SECURITY INTEREST TO MICHAEL RO-WELL CONSTITUTE A PREFERENCE WHICH SHOULD BE DECLARED VOID?
The appellant argues here that § 77-7-61 prohibits this transfer through *1217 its requirement that the PSC find that it was made in good faith. She states that, since this transaction was between a corporation and one of its officers, Rowell had the burden of showing good faith, which, she alleges, was not done here.
We believe that this argument misapprehends the meaning of “good faith,” as it is used in the statute. It is not within the purview of the PSC to enforce creditors’ liens and set aside a transfer of a certificate of necessity made to evade creditors, except as they affect the public interest in regulating motor carriers. That may be seen by reading Miss.Code Ann. § 77-7-3 (1972), which sets out the policy of the Mississippi Motor Carrier Regulatory Law of 1938, from which § 77-7-61 is derived:
It is hereby declared to be the policy of the legislature to regulate motor carriers in the public interest to the end that the safety and welfare of the public in its use of the highways and of the transportation agencies by motor vehicle used thereon may be practiced; that the property of the state in its highways may be protected from unreasonable, improper and excessive use; that the inherent advantages of highway transportation may be recognized and preserved; that sound economic conditions in such transportation and among such carriers may be fostered; that the service by motor carriers be adequate, economical, and efficient; that reasonable charges may be made therefor, without unjust discrimi-nations, undue preferences or advantages, and unfair or destructive competitive practices; that relations between motor carriers and other carriers may be improved and coordinated; and that cooperation may be maintained with the governments of the United States and the several states, and with their duly authorized officials in carrying out the purposes and provisions of this chapter. This chapter shall apply to persons and motor vehicles engaged in interstate commerce to the extent permitted by the Constitution and the laws of the United States and as provided herein.
Nowhere in this statute did the legislature authorize the PSC to inquire into transactions between corporations and their fiduciaries to determine whether they were inherently fair to shareholders or creditors. Such a review is left to the courts of this state. We hold, therefore, that the relief requested by the Appellant was not in the power of the PSC to give, as the Commission’s power is circumscribed by its statutorily granted power to protect the public interest with respect to use of the highways.
This opinion should not be read as an approval by this Court of the security interest granted in Certificate 990-T. We hold only that the appellant chose the wrong forum to assert her claims. It is our understanding from statements made by the attorneys at oral argument that a separate suit is pending in the Chancery Court of Jones County, and we trust that there the evidence will be developed more fully, and justice will be done.
Finding no reversible error in this case, we, therefore, affirm the court below.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.