STATE EX REL. FARRELL, Petitioner, V. SCHUBERT, Superintendent, Central State Hospital, Respondent.

*Decided October 8, 1971.*
(Also reported in 190 N. W. 2d 529.)

The cause was submitted for the petitioner on the briefs of *James H. McDermott,* state public defender, and for the respondent on the briefs of *Robert W. Warren,* attorney general, and *William A. Platz* and *Thomas J. Balistreri,* assistant attorneys general.

WILKIE, J.   Several issues are raised by this petition. They are:

1. May the good time accumulated by an individual being treated under the Sex Crimes Act [1] be forfeited upon revocation of parole?

[1] Sec. 959.15, Stats. 1967. Ch. 975, Stats. 1969.

2. Is the special review board authorized by statute to order or recommend the forfeiture of an individual's accumulated good time?

3. If the special review board lacks the authority to recommend the forfeiture of good time, is the action of the department forfeiting such good time still valid?

4. Are individuals treated under the Sex Crimes Act entitled to a *Johnson v. Cady* [2] type hearing prior to the revocation of their parole?

I. May the good time accumulated by an individual being treated under the Sex Crimes Act be forfeited upon revocation of parole?

A. *The 1967 statutes apply.*

The question of whether or not the good time earned by a person committed under the Sex Crimes Act can be forfeited is strictly one of statutory interpretation. Accordingly, a threshold question to be determined here is what statutes are to be applied. The public defender correctly contends that the statute as it existed prior to the 1969 revision (sec. 959.15 (12), Stats. 1967) [3] applies.

The general section of the completely revised Criminal Procedure Code, 1969, sec. 967.01, Stats., states that the new provisions apply only to prosecutions commenced after July 1, 1970, and that "[p]rosecutions commenced

---

[2] *State ex rel. Johnson v. Cady* (1971), 50 Wis. 2d 540, 185 N. W. 2d 306.

[3] "(12) TERMINATION OF CONTROL. Every person committed to the department who has not been discharged from its control as provided in sub. (11) unless the department has previously thereunto made an order directing that he remain subject to its control for a longer period and has applied to the committing court for a review of said order as provided in sub. (13) shall be discharged at the expiration of the maximum term prescribed by law for the offense for which he was convicted, subject to the provisions of s. 53.11, or at the expiration of one year, whichever is the greater. . . ."

prior to July 1, 1970, shall be governed by the law existing prior thereto."

B. *Sec. 53.11, Stats., authorizes the forfeiture of good time.*

The 1967 statute (*see* footnote 3, *supra*, sec. 959.15 (12)) provides that a determination of the maximum term shall be subject to the provisions of sec. 53.11, Stats. This section has eight subsections. Sub. (1) [4] authorizes the accumulation of good time, while subs. (2) and (2a) authorize the forfeiture of good time.[5]

The meaning of sec. 959.15 (12), Stats. 1967, is clear. The statute is plain and unambiguous; no legislative intent to the contrary of this plain meaning has been shown. Under such circumstances,[6] standard rules of statutory interpretation leave no other result than that "subject to the provisions of s. 53.11" means subject to all of sec. 53.11. Thus individuals committed under the

---

[4] "53.11 **Credit for good conduct; forfeiture for bad; parole.** (1) The warden or superintendent shall keep a record of the conduct of each inmate, specifying each infraction of the rules. Each inmate who shall conduct himself in a proper manner and perform all the duties required of him shall be entitled to good time or diminution of sentence according to the following table, . . ."

[5] "(2) Any inmate who violates any regulation of the prison or refuses or neglects to perform the duties required of him shall be subject to forfeiture of any good time previously granted or earned under this chapter. . . . Good time so forfeited shall not be restored. In addition, the department, or the warden or the superintendent, with the approval of the department, may cancel all or part of such good time.

"(2a) A parolee earns good time at the rate prescribed in this section. The department may forfeit all or part of the good time previously earned under this chapter, for violation of the conditions of parole, whether or not the parole is revoked for such misconduct."

[6] *A. O. Smith Corp. v. Department of Revenue* (1969), 43 Wis. 2d 420, 429, 168 N. W. 2d 887, and cases cited therein.

Sex Crimes Act before July 1, 1970, are subject to the complete provisions of sec. 53.11 and may, in accordance with sec. 53.11 (2) and (2a) have their good time forfeited.

II. Does the special review board have the power to order or recommend the forfeiture of petitioner's good time?

Sec. 959.15 (10), Stats. 1967, provides:

"PAROLE. Any person committed as provided in this section may be paroled if it appears to the satisfaction of the department after recommendation by a special review board, appointed by the department (a majority of whose members shall not be connected with the department) that he is capable of making an acceptable adjustment in society. . . ."

The precise question raised is whether in addition to recommending parole this statute authorizes the special review board to direct the forfeiture of a sex deviate's good time when his parole is revoked. In order to determine the scope of the special review board's powers, we begin with a basic statement of law:

"[A]dministrative agencies have only such powers as are expressly granted to them or necessarily implied and any power sought to be exercised must be found within the four corners of the statute under which the agency proceeds." [7]

The controversy between the parties boils down to what is an implied power under the review board's statute. Is the power to recommend forfeiture of good time implied under the four corners of the statute?

[7] *American Brass Co. v. State Board of Health* (1944), 245 Wis. 440, 448, 15 N. W. 2d 27; *see also: Nekoosa-Edwards Paper Co. v. Public Service Comm.* (1959), 8 Wis. 2d 582, 593, 99 N. W. 2d 821.

This court has not had the occasion to determine the scope of an administrative agency's implied power under a statute. The rule in other jurisdictions is that " '. . . a power which is not expressed must be reasonably implied from the express terms of the statute; or, as otherwise stated, it must be such as is by fair implication and intendment incident to and included in the authority expressly conferred.' " [8] Consistent with this rule is the proposition that any reasonable doubt of the existence of an implied power of an administrative body should be resolved against the exercise of such authority.[9]

The only express power granted the special review board is to recommend to the department that a sex deviate is "capable of making an acceptable adjustment in society." [10] In carrying out this express power the special review board has the implied power to hold hearings and make investigations to determine whether or not to make the recommendation to the department. These are implied powers under the express statutory grant. The power to recommend forfeiture of good time is not incident to and included in the authority to recom-

---

[8] *Keating v. State* (Fla. App. 1964), 167 So. 2d 46, 51; *in accord, Stahlman v. Federal Communications Comm.* (D. C. Cir. 1942), 126 Fed. 2d 124; *State v. Younkin* (1921), 108 Kan. 634, 196 Pac. 620; *Blue Boar Cafeteria Co. v. Hackett* (1950), 312 Ky. 288, 227 S. W. 2d 199; *Rockland v. Water Co.* (1935), 134 Me. 95, 181 Atl. 818; *Coffman v. State Board of Examiners* (1951), 331 Mich. 582, 50 N. W. 2d 322; *Mississippi Public Service Comm. v. Chambers* (1959), 235 Miss. 133, 108 So. 2d 550; *Beard-Laney, Inc. v. Darby* (1948), 213 S. C. 380, 49 S. E. 2d 564; *State ex Inf. McKittrick v. Wymore* (1939), 345 Mo. 169, 132 S. W. 2d 979; *Guillot v. State Highway Comm.* (1936), 102 Mont. 149, 56 Pac. 2d 1072; *Warren v. Marion County* (1960), 222 Or. 307, 353 Pac. 2d 257; *State ex rel. Puget Sound Navigation Co. v. Department of Transportation* (1949), 33 Wash. 2d 448, 206 Pac. 2d 456.

[9] *Newark v. Civil Service Comm.* (1935), 115 N. J. L. 26, 29, 177 Atl. 868, 870; *Belfer v. Borrella* (N. J. App. 1950), 9 N. J. Super. 287, 293, 76 Atl. 2d 25, 28.

[10] Sec. 959.15 (10), Stats. 1967.

mend parole. The functions are separate. They are separate in the parole statute,[11] they are separate in the department's parole board manual of procedures and practice.[12]

We conclude that neither expressly nor by implication is the power to recommend forfeiture of good time given to the review board. Its actions in making such recommendations are not merely erroneous, they are void *ab initio.*[13]

III. If the special review board lacks the statutory authority to recommend the forfeiture of good time, is the action of the department forfeiting such good time valid?

There is no doubt that under sec. 53.11 (2a) of the 1967 statutes the department of health & social services could order the forfeiture of an individual's good time. The attorney general thus argues that it really does not matter who made the recommendation, just as long as the department made the ultimate decision. This overlooks the fact, documented in the department's order forfeiting the good time, that the secretary of the department did not order the good time forfeited—he *"affirmed"* the decision of the special review board. This is no mere semantical difference. The department affirmed an order which was void. What the department did, in effect, was delegate the authority for forfeiting good time to the special review board. The review board, however, is not part of the department—it is an independent body with a specific grant of authority. By

[11] Sec. 53.11 (1), (2) and (2a), Stats.

[12] *Parole Board Procedures and Practices* (1963), p. 5. We have previously taken judicial notice of this manual, *Tyler v. State Dept. of Public Welfare* (1963), 19 Wis. 2d 166, 119 N. W. 2d 460.

[13] 73 C. J. S., *Public Administrative Bodies and Procedure,* p. 384, sec. 59.

delegating the authority to recommend a forfeiture of good time the department, therefore, also violated the requirement of sec. 53.11 (2a), Stats., in that it placed the primary power to make the determination outside the department with the special review board; this is improper.[14]

The recommendation of the special review board was invalid; the affirmance by the department was void and violative of the statute. There can be no other conclusion than that the two forfeitures of petitioner's good time by the department are void and illegal and therefore nullities.

Although the two forfeitures of good time are nullities, this court is unable to compute petitioner's mandatory release date. This should be done by the department. It appears, for example, that petitioner absconded for a time and it is not clear how this affects his release eligibility. Moreover, petitioner has been found to be a sex deviate and the department may desire to apply to the committing court, pursuant to sec. 959.15 (12), (13), and (14), Stats. 1967, to deny petitioner parole because he is dangerous.

IV. Is petitioner entitled to a hearing prior to the revocation of his parole?

In *State ex rel. Johnson v. Cady* [15] this court examined the procedure which must be followed by the department prior to the revocation of an individual's parole. Here, petitioner is subject to the same statutory requirements for parole as a person not treated under the Sex Crimes Act.[16] In that the petition herein was on file at the

[14] Cf. 1 Davis, *Administrative Law*, p. 634, sec. 9.06.

[15] *Supra*, footnote 2.

[16] It should also be noted that since petitioner was convicted in 1962 he was not afforded the hearing subsequently required by this court in *Huebner v. State* (1967), 33 Wis. 2d 505, 147 N. W. 2d 646, as *Huebner* is not retroactive, *see* page 529.

time of the *Johnson v. Cady* mandate,[17] petitioner is entitled to a hearing prior to the revocation of his parole.

*By the Court.*—The department of health & social services is ordered to restore all good time that was forfeited by order of the special review board; petitioner is ordered retained in custody of respondent and the department of health & social services shall have fifteen days within which to calculate the dates on which he will be eligible for release pursuant to sec. 959.15 (12), Stats. 1967; in the event such computation makes petitioner eligible for mandatory release, the department shall have an additional thirty days within which it shall apply, if it so chooses, to the committing court under sec. 959.15 (12), (13), and (14), Stats. 1967, to suspend parole.

[17] *State ex rel. Johnson v. Cady, supra,* footnote 2, was retroactive only to those cases in which a petition was on file at the time of the mandate, April 2, 1971.