WILBUR J. SCHMIDT, Secretary, Department of Health SocialServices. *Page 78 
You seek my opinion on the effect of State ex rel. Farrell v.Schubert (1971), 52 Wis.2d 351, 190 N.W.2d 529, upon other persons committed under the Sex Deviate Act, sec. 959.15, Stats. (1967), whose good time allowances were forfeited following recommendation of the special review board created pursuant to the Act.
Whether or not forfeitures of good time predating the Farrell
case are null and void depends upon the procedure employed in effecting a particular forfeiture.
The Supreme Court based its decision in Farrell in part upon the fact that the department did not "order" the petitioner, Farrell's, good time forfeited but merely "affirmed" decisions of the special review board to effect his two forfeitures. State exrel. Farrell v. Shubert, supra, 359.
If, in any instance, the department, after receiving a recommendation from the board to forfeit good time, made an independent determination to effect the forfeiture and itself ordered, rather than merely affirmed the forfeiture, that forfeiture would be valid.
"There is no doubt that under sec. 53.11 (2a) of the 1967 statutes the Department of Health Social Services could order the forfeiture of an individual's good time." Farrell, supra, 359.
Where, however, as was the case with Farrell, and as appears to have been the general practice, the primary decision to forfeit good time was made by the board with the department doing no more than acquiescing in the board's decision, the forfeiture is void.
The Supreme Court left no doubt that all forfeitures of good time "recommended" by the special review board with the effect of a primary order and merely affirmed by the department are void, the affirmances of void decisions being themselves void, when it concluded:
". . . that neither expressly nor by implication is the power to recommend forfeiture of good time given to the review board. Its actions in making such recommendations are not merely erroneous, they are void ab initio." Farrell, supra, 359, 360 (Emphasis added). *Page 79 
Even in these cases, however, the department is not at this time required by law to release anyone whose term would have expired had his good time not been forfeited.
The writ of habeas corpus is only an individual remedy unless the court having jurisdiction permits a class action to be brought. Such permission was neither requested nor received inFarrell.
Furthermore, the Supreme Court appeared to limit its decision to Farrell's case alone. Although it left little doubt that all forfeitures effected under the procedure employed in forfeiting Farrell's good time were void, the court specifically declared only the two forfeitures of Farrell's good time to be nullities.Farrell, supra, 360. And the mandate of the court, ordering a recomputation of good time and granting a stay of time within which application to suspend parole could be made, was directed only at Farrell. Id., 361.
I have fully considered the problem of whether or not theFarrell decision might be applied retroactively to other persons bringing suit whose good time was forfeited in the same manner as was Farrell's.
While I have come to certain conclusions regarding the problem and had determined to make certain recommendations, the Wisconsin Supreme Court has, in the interim, taken jurisdiction of a case in which that question is at issue.
In view of the pending litigation, I believe it would be inappropriate for me to give my opinion on whether the Farrell
decision is applicable retroactively and on what mode of reprocessing, if any, such retroactivity might require.
RWW:TJB