WILLIAM H. HUGHES Commissioner of Credit Unions
You have requested my opinion as to the powers and authority of the Wisconsin Credit Union Share Insurance Corporation. Specifically you ask whether that corporation has the authority to demand reports from credit unions, to conduct examinations and inspections of credit unions, to dictate lending and collecting procedures of credit unions, and to approve the actions of the commissioner of credit unions in the granting of a certificate of authority for the establishment of subsidiary offices. You also ask whether the Wisconsin Credit Union Share Insurance Corporation has authority analogous to that of the Federal Deposit Insurance Corporation over its member banks.
The commissioner of credit unions has primary responsibility for regulation of credit unions in this state and the enforcement of all laws relating to credit unions. Sec. 186.012 (2), Stats. The Wisconsin Credit Union Share Insurance Corporation was created by ch. 375, Laws of 1969, and it derives its authority from the provisions of sec. 186.35, Stats. That corporation is under and *Page 8 
subject to the exclusive supervision of the commissioner of credit unions. Sec. 186.35 (1) and (7), Stats.
The purpose of the Wisconsin Credit Union Share Insurance Corporation is to "aid and assist any member credit union which develops financial difficulties . . . in order that the shareholdings of any individual member of a credit union shall be protected or guaranteed to any amount not to exceed $20,000." Sec. 186.35 (2) (a), Stats. The corporation is also under an obligation to "cooperate with its member credit unions and the credit union division of the office of the commissioner for the purpose of improving the general welfare of credit unions in this state." Sec. 186.35 (2) (b), Stats.
The corporation does not have the authority to regulate, on its own motion and without your approval, any aspect of the credit union industry. No such regulatory authority is expressly provided to it under its general powers set forth in sec. 186.35 (3), Stats. It is clear from the general definition of its purposes that the corporation is limited to aiding and assisting member credit unions with respect to financial difficulties and cooperating with its members and the commissioner in the improvement of the general welfare of credit unions throughout the state.
Any attempted regulation of credit unions by the Wisconsin Credit Union Share Insurance Corporation without your approval would be in direct conflict with the "supervisory control" over that corporation which the legislature has vested in the commissioner of credit unions. The legislature has determined the regulatory policy relating to credit unions. Such right of regulation is exclusively within the domain of the legislature.State ex rel. Barber v. Circuit Court (1922), 178 Wis. 468, 478,190 N.W. 563. The subject matter being fully regulated by state statutes, the corporation cannot further regulate by asserting power which is repugnant to the statute. 16 C.J.S.,Constitutional Law, sec. 169.
While there is no doubt that the corporation has a great interest in maintaining the stability of credit unions, its authority within the framework of ch. 186, Stats., is that of an advisor to member credit unions and to the commissioner where liquidation is in order. Sec. 186.35 (3) (e), Stats. In this connection, it might be noted that while final judgment and discretion in credit union matters must be exercised by the commissioner, your office would not be *Page 9 
precluded from using the corporation as a subordinate in aid of the exercise of such discretion. Park Bldg Corp. v. IndustrialComm. (1960), 9 Wis.2d 78, 100 N.W.2d 571. However, the commissioner could not abdicate his discretionary responsibilities to such a subordinate and become merely a rubber stamp for such body. State ex rel. Farrell v. Schubert (1971),52 Wis.2d 351, 190 N.W.2d 529.
The authority of the Wisconsin Credit Union Share Insurance Corporation is not analogous to the authority of the Federal Deposit Insurance Corporation. The latter corporation is made up of a board of directors consisting of the Comptroller of the Currency together with two members appointed by the President of the United States. This federal corporation is explicitly authorized under federal statutes to issue regulations and orders, to make examinations and hold hearings, to issue subpoenas and conduct investigations. 12 U.S.C. sec. 1811 et seq.
The Federal Deposit Insurance Corporation is not a mere subordinate in the regulatory scheme of administrative law. It is an instrument of the federal government which exercises legislative power according to specific Congressional enactments.
The Wisconsin Credit Union Share Insurance Corporation cannot make such claims of authority. It is a non-profit corporation with relatively limited powers defined by statute. Its operations are "under the exclusive supervision of the commissioner" and by Wisconsin statute its articles of incorporation require his approval. Sec. 186.35 (1), Stats. Standing alone, it does not have investigative, hearing, subpoena, regulatory or enforcement powers.
It is my opinion that the Wisconsin Credit Union Share Insurance Corporation does not have authority unilaterally to regulate the credit union industry of this state. Subject to the supervision and approval of the commissioner of credit unions, however, that corporation could exercise functions related to insuring the financial stability of credit unions and improving the general welfare of credit unions throughout the state.
BCL:WLJ *Page 10