JOAN M. ARNOLDI, D.V.M., Chairman Veterinary Examining Board
You request my opinion as to whether the Veterinary Examining Board is authorized to require veterinarians licensed in this state to furnish current evidence of competency as a condition of license renewal. This evidence would consist of either compliance with continuing education requirements established by the board or a reexamination or both.
Section 453.06 (1), Stats., provides. in material part:
 ". . . Veterinarians holding an existing license shall not be required to take any examination for renewal of their license . . . ."
It is my opinion that sec. 453.06 (1), Stats., precludes the board from requiring reexamination as a condition of license renewal. It is also my opinion that the board lacks the authority to compel compliance with continuing education requirements as a condition of license renewal.
It is a fundamental principle of administrative law that "administrative agencies have only such powers as are expressly granted to them or necessarily implied and any power sought to be exercised must be found within the four corners of the statute under which the agency proceeds." State ex rel. Farrell v.Schubert (1971), 52 Wis.2d 351, 357, 190 N.W.2d 529. The relevant statutes here are sec. 15.08 (5), which empowers boards to make rules for the "guidance" of the trade or profession and to "define and enforce professional conduct and unethical practices not inconsistent with the law relating to the trade or profession," and sec. 15.08 (6), Stats., which directs the board to "foster the standards of education or training" of the profession. The question is whether either or both of these sections authorizes the board to require continuing education as a condition of license renewal. *Page 36 
Arguably, sec. 15.08 (5), Stats., could, on its face, support a rule requiring continuing education. However, in Osco Drug, Inc.v. Pharmacy Examining Board (1974), 61 Wis.2d 689, 693,214 N.W.2d 47, the court held that the general language of sec. 15.08
(5), Stats., did not "`necessarily impl[y]' a grant of authority to the pharmacy board to regulate advertising," because "it is clear that where the legislature has intended to control advertising in connection with a particular calling, it has expressed its intent in specific statutory language." Similarly, when the legislature has chosen to authorize an examining board to require continuing education or training, it has done so in specific language. For example, sec. 441.10 (3) (b), Stats., relating to renewal of licenses of practical nurses, provides in part that "an application for license renewal [shall include] such . . . facts bearing upon [the applicant's] current competency as the board requires . . . ." Likewise, sec. 456.07, Stats., specifically requires continuing education as a condition of annual re-certification as a licensed nursing home administrator. In light of the holding in Osco and the specific statutory provisions authorizing other examining boards to require continuing education or evidence of continuing competency, the general language of sec. 15.08 (5) cannot be interpreted to authorize the Veterinary Examining Board to impose such requirements by rule.
The board's mandate in sec. 15.08 (6), Stats., is to "foster the standards of education or training pertaining to its . . . profession." The word "foster" means "to promote the growth or development of: encourage." Webster's Seventh New CollegiateDictionary, p. 330 (1965 ed.). This directive falls short of supporting a continuing education requirement as a condition of license renewal particularly when viewed in light of the legislative rejection of an examination requirement for relicensure of veterinarians. Sec. 453.06 (1), Stats.
Though continuing education may be a desirable means of encouraging and evaluating professional competency, the power to require continuing education cannot be found in the present statutes. The legislature has not provided express authority to the board in secs. 15.08 (5), 15.08 (6), or ch. 453, Stats., to establish a continuing education requirement as a condition of license renewal. Nor is there any basis in these statutes to support a necessary implication of such authority. It is, therefore, my *Page 37 
opinion that the board presently lacks the power to condition the renewal of licenses upon continuing education.
BCL:WMS