CHARLOTTE M. HIGBEE, Commissioner Personnel Commission
Your predecessor, Mr. Joseph W. Wiley, requested my opinion as to the extent of the Personnel Commission's authority under subch. II of ch. 111 and sec. 230.45 (1)(b), Stats. His specific question was whether the powers and duties of the Commission in processing complaints of discrimination which involve a state agency as the employer, are equivalent to and include those powers and duties exercised by the Department of Industry, Labor and Human Relations (DILHR) in processing complaints of discrimination which involve an employer other than a state agency. Particularly, he inquired whether the Commission's power to "process" complaints under sec. 230.45 (1)(b), Stats., included the power to investigate complaints and to issue investigative subpoenas.
The Wisconsin Fair Employment Practices Act, ch. 111. subch. 11 of the statutes, secs. 111.31 to 111.37, Stats., is procedurally intricate and reflects policy which has evolved over the years.See, Ross v. Ebert, 275 Wis. 523, 82 N.W.2d 315 (1957) and Murphyv. Industrial Comm., 37 Wis.2d 704, 155 N.W.2d 545,157 N.W.2d 568 (1968).
State ex rel. Dept. of Pub. Instruction v. ILHR,68 Wis.2d 677, 229 N.W.2d 591 (1975), held that the Act did not apply to the state and state agencies. The court invited the Legislature to reconsider whether it wished to include state employers within the Act. Id. at 684. The Legislature within ten days passed ch. 31, Laws of 1975, making the state subject to all the provisions of ch. 111. This history *Page 404 
shows that the Legislature intended the terms of the Act to be the same for state employes as for other employes.
Prior to the enactment of ch. 196, Laws of 1977, subch. II of ch. 111, and especially sec. 111.36, Stats., vested broad power in the Department of Industry, Labor and Human Relations to receive, investigate, process, hold hearings on, conciliate, and decide complaints involving discrimination in employment on the basis of age, race, creed, color, handicap, sex, national origin, or ancestry including situations where the employer was a state agency.
The obvious intent of ch. 196, Laws of 1977, was to substitute the Personnel Commission for DILHR in the administration of the Act with respect to state employes. Section 111.33 (1), Stats., provides that this "subchapter shall be administered" by DILHR, except as provided in sub. 2. Subsection (2) reads in part as follows: "This subchapter shall apply to each agency of the state except that complaints of discrimination against such agency as an employer shall be filed with and processed by the personnel commission under s. 230.45 (1)(b)." Section 230.45 (1)(b), Stats., provides that the Commission shall "[r]eceive and process complaints of discrimination under s. 111.33 (2)."
Do the words "processed" or "process" contained in secs. 111.33
(2) and 230.45 (1), Stats., grant the Commission powers equivalent to those exercised by DILHR? It is fundamental law that administrative agencies possess only those powers which are expressly conferred or which are fairly implied from the statute under which it operates and that any reasonable doubt should be resolved against the grant of such power. State ex rel Farrell v.Schubert, 52 Wis.2d 351, 357, 358, 190 N.W.2d 529 (1971). It is also basic law that statutes should be construed so as to avoid inconsistency and conflict and to avoid absurd results. WisconsinValley Imp. Co. v. Public Serv. Comm., 9 Wis.2d 606. 615,101 N.W.2d 798 (1960).
In answering this question, it is helpful to consider other provisions contained in ch. 196, Laws of 1977. Section 127 (2) of said chapter provides that:
 DEPARTMENT OF INDUSTRY, LABOR AND HUMAN RELATIONS. All records of the department of industry, labor and human relations related to equal rights complaints against state agencies completely processed as of the *Page 405 
effective date of this act under subchapter 11 of chapter 111 of the statutes are transferred to the personnel commission, as created by this act. All records of such complaints processed by the department after the effective date of this act shall be transferred to the personnel commission as completed.
It is apparent that the meaning of the word "processed" contained therein is synonymous with the words "processed" or "process" contained in secs. 111.33 (2) and 230.45 (1), Stats.
Likewise sec. 129 (4) of the chapter provides:
 All rules adopted and orders issued and all contracts entered into by the department of industry, labor and human relations which relate to administering state employe complaints under subchapter II of chapter 111, 1975 stats., shall remain in full force and effect until modified or rescinded by the personnel commission, as created by this act.
The rules referred to involve those adopted by the Department which are contained in Wis. Adm. Code chapter Ind 88. It should be noted that Wis. Adm. Code section Ind 88.03 provides for investigation of discrimination complaints and Wis. Adm. Code section Ind 88.09 provides for the issuance of subpoenas. Each of these points is strong evidence that the Legislature intended that the Commission has the same powers as those possessed by the Department.
Furthermore, to construe the Commission's power under sec.230.45 (1)(b), Stats., to "receive and process" discrimination complaints so narrowly as not to include all of the powers and responsibilities of DILHR in administering the law for nonstate employes would defeat the overall legislative intent, as evidenced by the history noted above, that the procedures and remedies for state employes be the same as for other employes. For example, under such a narrow construction, the Commission would have no authority to reinstate and order backpay in the case of an employe unlawfully discharged. Such a result would be contrary to the legislative purpose, and therefore such narrow construction must be rejected.
Accordingly, it is my opinion that the Commission possesses the same powers and duties with respect to the processing of discrimination complaints involving a state agency as an employer as does the Department with respect to discrimination complaints involving an *Page 406 
employer other than a state agency including the power to investigate complaints and to issue subpoenas.
BCL:GBS