ROBERT P. SORENSON, State Director Board of Vocational,Technical Adult Education
You ask two questions concerning apprenticeship training provided by a vocational, technical and adult education district to persons who are not residents of the district. First, you ask whether a district which provides apprenticeship training may contract with other districts for payment of the costs of training persons who are residents of the other districts. In my opinion, the answer is yes. Section 38.14(3), Stats., expressly authorizes a "district board . . . [to] contract with . . . other district boards for instructional services."
As you point out, however, students in approved apprenticeship programs are exempt under sec. 38.24(3)(a)1., Stats., from payment of nonresident tuition fees. Section 38.24(3)(b), Stats., provides that "[t]he district board of a student's district of residence is liable for the nonresident fee . . . [established by the state board of vocational, technical and adult education] only if the program in which the student enrolled is not offered by the district of residence." Section 38.24(3)(c), Stats., provides that "[d]istrict boards may enter into interdistrict contractual agreements to . . . establish *Page 258 
interdistrict payments for, nonresident tuition charges to Wisconsin residents in vocational-adult courses." Although it could be argued that the authority of a district board to contract with other districts for instructional services, as conferred by sec. 38.14(3), Stats., is limited to the reimbursement of nonresident fees under sec. 38.24(3)(b) and (c), Stats., it is my opinion that one district may contract with other districts to provide instructional services for residents of the other districts even when, as in the case of approved apprenticeship programs, no nonresident fee is involved. It is reasonable to require taxpayers in the other districts to fulfill their responsibility for vocational education either by providing apprenticeship training in those districts or, in the interest of avoiding costly duplication, by paying the instructional costs of the district that provides such training. Cf. 69 Op. Att'y Gen. 139 (1980); Manitowoc v. Manitowoc Rapids, 231 Wis. 94, 100,285 N.W. 403 (1939).
Your second question is whether a district may refuse to admit nonresident apprenticeship students whose districts of residence refuse to enter into contracts to reimburse the district for the costs of instructing the students. In my opinion, the answer is no.
Although district boards have exclusive control of district schools, "[e]xcept as otherwise provided by statute," sec. 38.12
(1), Stats., "[e] very person . . . is eligible to attend the schools of a district if the person is . . . [a] nonresident of the district who desires to take specific courses which are offered in the schools of such district but not offered in the schools of the district in which he or she resides." Sec. 38.22
(1)(c), Stats. This is especially important in the case of apprenticeship training since sec. 106.01(10), Stats., makes it "the duty of all school officers . . . to furnish, in . . . any school supported in whole or in part by public moneys, such instruction as may be required to be given to apprentices."
Such eligibility to receive apprenticeship training in a district, however, is not absolute. Eligibility to receive instruction is subject to rules established by the state board of vocational, technical and adult education. Secs. 38.02 and38.22(1)(c), Stats. The state board is "responsible for the initiation, development, maintenance, and supervision of programs with specific occupational orientations below the baccalaureate level, including . . . training of apprentices." Sec. 38.001, Stats. Specifically, it is the authority of the state board, not that of district boards, to "adopt rules for admission of nonresident *Page 259 
students, who are Wisconsin residents, in . . . vocational-adult education programs which are not offered statewide." Sec. 38.22
(5), Stats. The only limitation is that the state board "may not require that any district reserve places in any program for such nonresident students in excess of the percentage of nonfederal operating costs of . . . vocational-adult programs." Sec. 38.22
(5), Stats.
Legislative history supports the conclusion that only the state board, and not district boards, may establish rules restricting admission of nonresident students who are Wisconsin residents. Section 38.18, Stats. (1969), required that district schools "be open to all persons . . . who reside in . . . districts . . . in which the specific courses desired by such persons are not given if such courses are given in the . . . district in which such persons elect to attend and the local board of such . . .district agrees to admit them." That section was repealed effective July 1, 1972, ch. 154, Laws of 1971, and recreated as sec. 38.22, Stats. The only residual authority of a district board to approve or disapprove enrollment of a nonresident student is in the case of persons who are not residents of Wisconsin. Sec. 38.22(1)(d), Stats.
Consequently, it is my opinion that a district may not refuse to admit nonresident Wisconsin students to an approved apprenticeship program, because the district of the student's residence fails to reimburse the district providing the instruction, unless the state board adopts rules sanctioning such refusal to admit nonresident students. Sec. 38.22(1)(c) and (5), Stats. Since the state board has yet to adopt such rules, the districts presently are powerless to refuse admission to nonresident students.
BCL:DCR