CHARLOTTE M. HIGBEE, Chairperson Personnel Commission
The Wisconsin Personnel Commission has requested my opinion as to whether a state agency may insist on the presence of legal counsel when making agency personnel available for interviews conducted by Commission equal rights officers in the course of investigating complaints of employment discrimination against such state agency, where the equal rights officer wishes to interview 1) nonmanagerial *Page 168 
personnel, or 2) agency supervisors who are not named or immediately involved in the discriminatory actions in question.
The Personnel Commission possesses the same powers and duties in processing discrimination complaints involving a state agency as employer as those exercised by the Department of Industry, Labor and Human Relations with respect to discrimination complaints involving an employer other than a state agency, including the power to investigate complaints and to issue subpoenas. Secs. 111.33(2), 230.45(1)(b), Stats.; 68 Op. Att'y Gen. 403 (1979).
Under section PC 4.03(1) Wis. Adm. Code, upon the filing of a complaint alleging an unlawful discriminatory practice or act by a named respondent, the complaint is promptly investigated and the Commission issues an initial determination "as to whether there is probable cause to believe that discrimination has been or is being committed." If probable cause is found either by the initial determination or after a hearing requested by the complainant, an attempt is made to eliminate the offending practice by conciliation or persuasion. Section PC 4.04 Wis. Adm. Code. It is only when the alleged discriminatory practice or act cannot be eliminated through these efforts that notice of hearing on the merits is served requiring the respondent to answer at a hearing before the Commission. Section PC 4.07 Wis. Adm. Code.
The difficulty in responding to your questions rests in part on the fact that they relate to informal efforts of the Commission to investigate complaints of discrimination.
A state agency is per se an inanimate entity. The state agency-employer acts through policy-making management personnel which effectively guide and integrate the agency operations. The acts of such supervisory employes are the acts of the agency, as the acts of agents acting within the scope of their authority are always acts of the principal. Therefore, a specific complaint of employment discrimination against the agency directly implicates the supervisory employes of the agency whose offending actions are imputed to be those of the agency and may indirectly implicate other management employes as well. Under normal circumstances, a responding state agency may condition its cooperation by insisting on having its attorney *Page 169 
present during the informal interview of its supervisory personnel, despite the fact that the complaining party has not specifically identified such personnel as being "immediately" involved in the specific discriminatory actions in question and may view such supervisors as disinterested members of the management team.
Likewise, when the equal rights officer involved in the investigation of charges desires that the responding agency make its employes available to him or her for interviews while they are normally on the job, the respondent agency, through its supervisory personnel, may condition its cooperation in this regard, which may include insistence on the presence of legal counsel at such interviews. An employer has the right to require an employe to do employer assigned work during work time and not do anything else; "working time is for work," National LaborRelations Bd. v. Essex Wire Corp., 245 F.2d 589, 593 (9th Cir. 1957); Beth Israel Hospital v. N.L.R.B., 437 U.S. 483, 510 (1978) (Powell concurring). If the equal rights officer concludes that the presence of legal counsel under those circumstances presents an obstacle to and an intimidating factor in the investigation, he or she is free to interview such employes at a time and place which does not depend on the acquiescence of the state agency involved or may pursue more formal avenues of obtaining the information necessary to the investigation.
The foregoing response to your questions appears to be consistent with the policy and practices of the Federal Equal Employment Opportunity Commission. See EEOC Compliance Manual, sec. 23.2(c)(3).
BCL:JCM