FRANK VOLPINTESTA Corporation Counsel Kenosha County
You have asked for my opinion as to the potential liability and other ramifications if campus police officers are deputized by a county sheriff to conduct law enforcement activities in a *Page 2 
specifically defined area immediately proximate to a university campus.
You first ask whether it is permissible to enter into an indemnification agreement by which the University of Wisconsin System would hold harmless the county from any and all litigation which may arise due to the acts or omissions of such campus police officers when exercising the powers of a deputy sheriff. As worded, your question must be answered in the negative. Nevertheless, the state would be responsible for the liabilities incurred by these officers even though the arrest authority derived solely from the deputization.
This department has consistently advised state agencies that they lack power to agree to indemnify another. The reason for that position has been, first, that no statute empowers a state agency to enter into such an agreement and state agencies have only such powers as are expressly granted or necessarily implied.State ex rel. Farrell v. Schubert, 52 Wis.2d 351, 357,190 N.W.2d 529 (1971), vacated on other grounds, 408 U.S. 915 (1972). I realize the application of this general rule to the Board of Regents may be limited, since it is given all powers "necessary or convenient" to the discharge of its responsibilities, section36.09(1)(L), Stats., but that only leads to the second ground for the no-indemnification rule. Section 20.903 provides that no state agency may contract for any debt or liability against the state for any purpose without authority of law. Given the specificity of this statute, the consistent position of this department has been that a state agency needs express authority to enter into such an agreement.
This rule against indemnity agreements, however, is limited. It relates only to agreements creating a duty to be responsible for the liability the law imposes on another. It does not prevent a state agency from acknowledging that if the law makes its agents or employes liable the state will indemnify as required by section 895.46(1)(a). Nor does this rule modify the common law obligation of a tortfeasor to indemnify another who was required *Page 3 
to make a payment because of that tort. See Swanigan v. StateFarm Ins. Co., 99 Wis.2d 179, 196, 299 N.W.2d 234 (1980). In other words, if a county were to incur a money judgment because of an act or omission of a campus police officer, that officer would have a duty to indemnify the county. And because the state itself must indemnify its officers, agents and employes for liabilities incurred when discharging their duties, section895.46(1)(a), the state stands as the final indemnitor of the obligation.
With respect to the arrangement being contemplated between the university and the county, campus police, whose statutory powers of law enforcement are confined to campus property, 68 Op. Att'y Gen. 67 (1979), would be deputized to enforce laws on noncampus property. The reason behind this proposal, I am advised, is that a particular area near the campus is de facto a large part of campus life. The campus police would be assigned the duty as a regular part of their job duties as university employes. The fact that they have been given arrest powers through deputization, therefore, is irrelevant to the fact that they are exercising those powers as a regular part of their jobs and, consequently, are acting within the scope of their employment for purposes of the state's indemnity obligation under section 895.46(1)(a). Alsosee sec. 895.46(1)(d), Stats. (indemnity statute protects deputies).
In sum, under this proposed arrangement, the state stands as the final indemnitor, not as a result of an agreement to hold harmless, but as a matter of the operation of the statutory and common law of indemnification.
Your second and third questions can be disposed of together. You inquire whether it is permissible to limit deputization to particular times, places and crimes. In my opinion the sheriff can condition continued deputization on such limitations, although that limitation does not void the county-wide power of arrest *Page 4 
itself. A criminal defendant would not be able to escape a valid arrest because a particular deputy failed to follow the sheriff's job instructions; nor would the deputy be able to escape sanctions from the sheriff simply because the arrest was legally valid.
Section 59.21(2) empowers sheriffs to appoint "as many other deputies as he may deem proper." Further, the sheriff may deputize persons "to do particular acts." Sec. 59.21(5), Stats.
It is true, of course, that any deputy's arrest power is itself county-wide. See sec. 59.24, Stats., and 45 Op. Att'y Gen. 267, 269-70 (1956). But this fact hardly prevents a sheriff from confining a particular deputy or class of deputies to a particular area or task as a condition of continued deputization, even though an arrest outside the assignment could be valid. To suggest otherwise would be contrary to the references in section59.21 to particular acts as well as to the historic breadth of the sheriff's powers to control the assignments of deputies. Cf.Andreski v. Industrial Comm., 261 Wis. 234, 239-42, 52 N.W.2d 135
(1952).
DJH:CDH *Page 5