WALTER KUNICKI, Chairperson Assembly Organization Committee
The Assembly Organization Committee has requested my opinion concerning the interplay between sections 67.05 and67.12, Stats., and section 120.10 (5) and (5m).
Sections 67.05 and 67.12 concern the means by which Wisconsin school districts can borrow money. Section 67.05
authorizes school districts to issue bonds while section 67.12
authorizes borrowing on promissory notes. In the 1989-90 budget, 1989 Wisconsin Act 31, those sections were amended to affect the procedure for borrowing by school districts in two significant ways. First, the act permitted school districts to borrow up to an aggregate of $1,000,000 upon approval of the school board without any involvement of the electorate. Secs.67.12 (12)(e)2g. and 67.05 (6a)(b), Stats. Second, if the conditions of section 67.05 (6a)(b) are met, the act requires a referendum only in those cases where a sufficient number of electors petition for a referendum. Sec. 67.05 (6a)(b), Stats.
Section 120.10 provides:
 The annual meeting of a common or union high school district may:
. . . .
 (5) BUILDING SITES. Designate sites for school district buildings and provide for the erection of suitable buildings or for the lease of suitable buildings for a period *Page 202 
not exceeding 20 years with annual rentals fixed by the lease.
 (5m) REAL ESTATE. Authorize the school board to acquire, by purchase or condemnation under ch. 32, real estate and structures and facilities appurtenant to such real estate necessary for school district purposes.
Where debt is incurred for the acquisition of real estate or the erection of suitable buildings and such borrowing is authorized by a referendum under chapter 67, sections 67.05 (7)(d) and67.12 (12)(e)3. provide that if a referendum is held and the issuance of bonds or temporary borrowing is approved, that referendum also constitutes approval for the express purpose for which the referendum is held. Section 120.10 (5) and (5m) is satisfied by these statutes.
Since 1989 Wisconsin Act 31 does not address the authority for approval of the underlying purposes of borrowing, your first question is: Under what circumstances must a school district independently obtain approval of the electorate through the annual[1] meeting for the purpose of borrowing the money if such approval is required by section 120.10 and the school district utilizes section 67.12 (12)(e)2g. or 67.05 (6a)(b) where a referendum is not required or a petition for referendum is not filed under section 67.05 (6a)(b) or 67.12 (12)(e)2.?
Your second and related question is whether the school board of a common school district may provide for the construction of an addition to an existing school building without the approval of the school district electors under section 120.10 (5) or (5m).
The state has delegated its power to accomplish the governmental function of establishing and operating public schools to school districts. In exercising that delegated power the school districts act as state agencies. Buse v. Smith, 74 Wis.2d 550, *Page 203 
563, 247 N.W.2d 141 (1976). As state agencies, the school districts "have only such powers as are expressly granted to them or necessarily implied and any power sought to be exercised must be found within the four corners of the statute under which the agency proceeds." Kaiser v. City of Mauston, 99 Wis.2d 345,352, 299 N.W.2d 259 (Ct.App. 1980), quoting from State ex rel.Farrell v. Schubert, 52 Wis.2d 351, 357, 190 N.W.2d 529
(1971).
Section 120.10 enumerates eighteen specific powers given to the electorate of a school district through the annual meeting. Sections 120.12 and 120.13 list the powers and duties of the district school board. Section 120.10 (5) and (5m) gives the annual meeting the power to acquire real estate for buildings through lease or purchase, designate sites for buildings and erect suitable buildings. Section 120.12 (1) provides "[s]ubject to the authority vested in the annual meeting and to the authority and possession specifically given to other school district officers [the school board shall] have the possession, care, control and management of the property and affairs of the school district . . . ."
This division of power between the school board and the annual meeting has characterized the Wisconsin school system from the beginning. State ex rel. Waldeck v. Goedken, 84 Wis.2d 408,415, 267 N.W.2d 362 (1978). Our courts have held that section 120.10 is a grant of a series of powers to school districts "under circumstances which suggest that the grant is exclusive."Waldeck, 84 Wis.2d at 420. Thus, section 120.10 has been "strictly constru[ed] . . . `to preclude the exercise of a power which is not expressly granted.'" Neis v. Educ. Bd. of RandolphSchool, 128 Wis.2d 309, 315, 381 N.W.2d 614 (Ct.App. 1985).
Section 120.12, on the other hand, "empowers the board to exercise `general supervision over [the] schools.'" Waldeck,84 Wis.2d at 415.
School boards, exercising the authority granted in sections67.05 (6a) and 67.12 (12)(e)2g., may incur debt which may occur *Page 204 
without authorization of the electorate pursuant to those sections. However, the power to designate sites for school district schoolhouses and for the erection of suitable buildings lies exclusively with the annual meeting. Amendments by implication are not favored. Since the school board's general authority over the care, control and management of the property of the school district is subject to the powers of the annual meeting, chapter 67 must expressly exempt the board from obtaining approval of the annual meeting if the board wishes to spend money for any purpose enumerated in section 120.10. I do not imply any amendment to section 120.10 from 1989 Wisconsin Act 31.
As to bonds for building suitable buildings or acquiring land as a site, the only exemption I find in chapter 67 is section67.05 (7)(d). If the school district holds a referendum and the initial resolution to borrow the money for such building or any other purpose enumerated in section 120.10 is approved, that section relieves the board of obtaining approval of the annual meeting. It follows that if section 67.05 (6a)(b) is used or no petition for referendum is filed under section 67.05 (6a)(am)1., the board must obtain approval of the annual meeting for any such spending to meet the requirements of section 120.10.
As to promissory notes for building or site acquisition, section67.12 (12)(e)3. provides if "a sufficient petition for referendum is not filed . . . or if such petition is filed and the question is approved at referendum, then the power of the board to borrow the sum and expend the sum for the purpose stated shall be deemed approved by the school district electors." Section67.12 (12)(e)3. relieves the board of obtaining annual meeting approval for any section 120.10 spending if there is a favorable vote by referendum or the time for filing a petition for referendum passes without a sufficient petition having been filed. When the board proceeds under section 67.12 (12)(e)2g., the approval of the annual meeting is required.
This opinion is consistent with the earlier opinions of my predecessors holding that the school board's authority over the *Page 205 
possession, care, control and management of property and affairs of the school district must be narrowly construed so as not to infringe on the powers of the annual meeting. 38 Op. Att'y Gen. 561 (1949); 10 Op. Att'y Gen. 115 (1921); 20 Op. Att'y Gen. 850 (1931).
Your second question is whether a school board of a common school district may construct an addition to an existing school building without approval of the school district electors. The answer to your question is no. The annual meeting has the power to "provide for the erection of suitable buildings." The power to provide an addition to an existing school building is, in my opinion, inseparable from the power to erect a suitable building in the first instance. While there may be some projects which necessitate close factual analysis to determine whether the project is the erection of a suitable building or maintenance or repair of current structures, it is my opinion that erection of additions are required to be approved by an annual meeting of the school district electors under section 120.10 (5) because the general authority of the school board under section 120.12 (1) is subject to the powers vested in the annual meeting.
The questions presented in this opinion did not raise and I do not address the specificity the resolution must contain to satisfy the requirement of section 120.10. A school board would be wise to avoid any question by formulating any resolution for site selection or building erection as specific as is practical.
JED:WDW
[1] A special meeting has the powers of an annual meeting. Sec. 120.08
(2)(c), Stats. The opinion will refer to annual meetings; however, anything required to be done by the electorate at an annual meeting may be done at a special meeting also. *Page 206