STATE of Wisconsin EX REL. John P. REDDIN, Petitioner-Appellant,

v.

Richard GALSTER and Tom Karlen, Respondents-Respondents.

Court of Appeals

*No. 97–0111. Submitted on briefs September 9, 1997.—Decided November 20, 1997.*

(Also reported in 572 N.W.2d 505.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *John T. Manning,* Wisconsin Rapids.

On behalf of the respondents-respondents, the cause was submitted on the brief of *Pamela Magee,*

assistant attorney general, with whom on the brief was *James E. Doyle,* attorney general.

Before Eich, C.J., Dykman, P.J., Deininger, J.

DEININGER, J.   John Reddin appeals an order which denied relief he had sought by filing a petition for a writ of habeas corpus in an attempt to set aside the revocation of his probation. He claims the trial court erred in denying his habeas petition and that he is entitled to be released from his current imprisonment because the proceedings to revoke his probation were defective. We conclude that Reddin may not challenge his probation revocation by seeking a writ of habeas corpus because there is an adequate remedy available via certiorari review of the revocation proceedings. Since his petition was filed more than six months after the revocation order, certiorari review is barred by laches. We therefore affirm the dismissal of his petition.

## BACKGROUND

The Wood County Circuit Court sentenced Reddin in 1982 to a ten-year term of imprisonment for burglary as a repeater. That sentence was stayed, however, and Reddin was placed on probation for ten years, consecutive to another sentence of imprisonment he was then serving. Under the terms of a sentence modification order entered in 1988, he was placed on concurrent probation for all offenses on November 11, 1988. In the fall of 1994, the Department of Corrections (DOC) commenced revocation proceedings alleging that Reddin had violated the terms of his probation by consuming alcohol, by failing to complete an inpatient alcohol treatment program, and by operat-

ing a motor vehicle while under the influence of an intoxicant.

Reddin requested a revocation hearing, which was held on January 20, 1995, with Reddin present in person and represented by counsel. The hearing examiner allowed Reddin the opportunity to supplement the record at a later date, and his counsel apparently did submit additional documents for the record. The hearing examiner and Reddin's counsel conducted a telephone status conference on January 31, 1995, following which the examiner issued a decision and order revoking Reddin's probation. Along with the revocation decision and order, Reddin and his counsel received notice of the right to pursue an administrative appeal. *See* § 973.10(2), STATS. The notice also informed Reddin that an administrative appeal is not a prerequisite for judicial review, and that judicial review could be obtained as follows:

> **JUDICIAL REVIEW**: Judicial review of a revocation decision may be obtained by Writ of Certiorari in the county in which you were last convicted of an offense for which you were on supervision. The Petition for Writ of Certiorari and the Writ of Certiorari should name the Division Administrator as the respondent and should be served on the Division [of Hearings and Appeals] . . . . A copy of the petition and writ should also be sent to the Department of Corrections, Office of Legal Counsel . . . .

Reddin pursued an administrative appeal to the Administrator of the Division of Hearings and Appeals, who sustained the hearing examiner's revocation order on March 2, 1995. The DOC subsequently incarcerated Reddin in Jackson County. On April 22, 1996, he filed a petition for a writ of habeas corpus in the Jackson

County Circuit Court. On a motion by the State, venue was ordered changed to Wood County. In the circuit court proceedings, Reddin challenged only the revocation of his probation, claiming that his constitutional rights were violated: (1) because he was not present for the January 31, 1995, telephone status conference; (2) because the basis for his revocation was his alcoholism over which he had no control; and (3) because the hearing examiner considered a previous alleged probation violation, a revocation for which had been set aside in court proceedings.

The trial court, after hearing testimony from the attorney who represented Reddin during the revocation proceedings, entered an order denying the writ. Reddin was not present in person for the circuit court proceedings on his petition, but his successor counsel appeared, questioned the witness and argued that Reddin's probation had been unlawfully revoked.

Reddin appeals the order denying his petition for a writ of habeas corpus. He claims that he should be released from custody because of the defects in the probation revocation proceedings that he alleged and argued in the trial court. Alternatively, he requests a remand for habeas proceedings in the trial court at which he may be present in person.

## ANALYSIS

We affirm the order denying Reddin's petition for a writ of habeas corpus because habeas corpus proceedings are not available for the purpose of challenging an administrative order revoking probation. Review of parole and probation revocation decisions is "by certiorari directed to the court of conviction," and the review proceeds on an "arbitrary and capricious" standard.

*State ex rel. Johnson v. Cady*, 50 Wis. 2d 540, 550, 185 N.W.2d 306, 311 (1971). "[R]elief under habeas corpus will not be granted where other adequate remedies at law exist." *State ex rel. Dowe v. Circuit Court for Waukesha County*, 184 Wis. 2d 724, 729, 516 N.W.2d 714, 716 (1994).

This court will often follow a "liberal policy" of looking "beyond the legal label affixed by the [pro se] prisoner" in order to "treat a matter as if the right procedural tool was used." *State ex rel. McMillian v. Dickey*, 132 Wis. 2d 266, 279, 392 N.W.2d 453, 457–58 (Ct. App. 1986). As we have noted above, however, Reddin was represented by counsel during the probation revocation proceedings, and he is represented by counsel in the instant proceedings. Thus, our policy regarding pro se prisoner litigation does not apply here.

Moreover, even if we were to construe Reddin's petition as one for certiorari, we would still affirm the trial court's dismissal order. Reddin's probation was ordered revoked on March 2, 1995, and his petition to the circuit court was not filed until April 22, 1996, over one year later. It is thus barred by laches. *State ex rel. Enk v. Mentkowski*, 76 Wis. 2d 565, 575–76, 252 N.W.2d 28, 32–33 (1977) (certiorari proceedings not commenced within six months of the action sought to be reviewed are barred by laches). If we were to remand this matter for certiorari proceedings in the circuit court, we would, in effect, be sanctioning the use of habeas corpus to evade the time limitations for obtaining certiorari review of a probation revocation order. This we will not do.

Reddin cites *State ex rel. Jacobus v. State*, 208 Wis. 2d 39, 559 N.W.2d 900 (1997), for the proposition that

habeas corpus is available to challenge a probation revocation order. Jacobus filed a petition for a writ of habeas corpus after his probation was revoked and he was jailed to serve several previously stayed sentences. *Id.* at 45, 559 N.W.2d at 902. His challenge was not directed toward the revocation of his probation, however: he attacked the validity of his underlying conviction. After reaffirming that a writ of habeas corpus will not be granted when other adequate remedies exist, the supreme court described Jacobus's claim as follows:

> In the present case, Jacobus essentially is contending that the circuit court lacked subject matter jurisdiction to convict him of bail jumping in 1992, because Wis. Stat. § 51.45(1) prohibits the State from criminally prosecuting an individual for bail jumping due to consumption of alcohol in violation of a condition of a bond. Therefore, if Jacobus' interpretation of § 51.45(1) is correct, he is entitled to habeas corpus relief.

*Id.* at 47, 559 N.W.2d at 902–03. Thus, *Jacobus* is of no assistance to Reddin on the present record.

Reddin also cites *State ex rel. Johnson v. Cady,* 50 Wis. 2d 540, 185 N.W.2d 306 (1971), which was commenced as an original action in the supreme court for a writ of habeas corpus, but which, as we have noted, resulted in the court's declaration that certiorari review is the remedy for redress of alleged defects in administrative proceedings to revoke probation. He also cites *State ex rel. Farrell v. Schubert,* 52 Wis. 2d 351, 190 N.W.2d 529 (1971), *vacated on other grounds sub nom. Farrell v. Schmidt,* 408 U.S. 915 (1972), in which a petitioner for habeas corpus challenged, among other things, his parole revocation without a hearing. In *Farrell,* our supreme court noted that "the

petition herein was on file at the time of the *Johnson v. Cady* mandate" and ordered that the petitioner was entitled to a revocation hearing. *Farrell*, 52 Wis. 2d at 360–61, 190 N.W.2d at 534. Thus, neither case supports an argument that, notwithstanding the present availability of certiorari review for probation revocations, habeas will also lie.

Finally, we note that this court has intimated that a writ of habeas corpus may be available to raise a claim of ineffective assistance of counsel during probation revocation proceedings. *State v. Ramey*, 121 Wis. 2d 177, 182, 359 N.W.2d 402, 405 (Ct. App. 1984). We held in *Ramey* that a claim of ineffective assistance of counsel during probation revocation proceedings could *not* be addressed on certiorari review, because the scope of that review focuses solely on the actions and determinations of the administrative decision maker. *Id.* at 181–82, 359 N.W.2d at 405. Reddin has raised no claim regarding the effectiveness of his representation during the probation revocation proceedings. He challenges the administrative decision to revoke his probation on procedural and substantive grounds. Circuit court review of those issues is available by certiorari, an adequate remedy, which thus precludes the issuance of a writ of habeas corpus.

## CONCLUSION

A person aggrieved by an administrative decision and order to revoke his or her probation may have the revocation proceedings reviewed upon a timely petition to the circuit court for a writ of certiorari. Thus, an adequate remedy exists to address alleged defects in probation revocation proceedings, and relief under

186

habeas corpus will not be granted. Since Reddin's allegations of error in the proceedings to revoke his probation are not properly before us, we do not reach the merits of his claims.

*By the Court.*—Order affirmed.